579 A.2d 940

JEWELCOR INCORPORATED

v.

PRE-FAB PANELWALL, INC. and James R. Brunemann, Individually and James C. Brunemann, Individually, Dennis Brunemann, Individually, John Castro, Individually, Robert Quigley, Individually, George Andrews, Individually, Robert Vernon Nash, Jr., Individually, Larry Blank, Individually, Forrest J. Swieggart, Individually, Leonard A. Walker, Individually and Joseph Purcell, Individually.

Appeal of Leonard A. WALKER.

Superior Court of Pennsylvania.

Argued June 11, 1990.

Filed Aug. 30, 1990.

Leonard A. Walker, pro se.

Brian C. Corcoran, Wilkes–Barre, for Jewelcor, appellee.

Before POPOVICH, HOFFMAN and HESTER, JJ.

HESTER, Judge:

This is an appeal from judgment entered on October 10, 1989, on the order granting appellee, Jewelcor Incorporated (Jewelcor), peremptory judgment under Pa.R.C.P. 1098 in this declaratory judgment action. We conclude that the trial court did not have jurisdiction to decide the issue presented in this appeal due to 42 Pa.C.S. § 7541(c)(2). We reverse.

This action was instituted by Jewelcor, a Pennsylvania corporation, by the filing of a document entitled "complaint" on June 28, 1989, in the Court of Common Pleas of Luzerne County, against Pre–Fab Panelwall, Inc. ("Pre–Fab"), an Ohio corporation, and against James R. Brunemann, James C. Brunemann, Leonard Walker, and eight

other individuals.[1] The document contains the following allegations. Pre–Fab instituted a proceeding in arbitration against Jewelcor, the arbitration proceeding is pending, and it is being administered by the American Arbitration Association at its office in Philadelphia. The arbitration proceeding relates to a claim for money allegedly owed by Jewelcor under a contract for the construction of Jewelcor's headquarters and to a counterclaim filed by it. The three arbitrators have been chosen, hearings on the arbitration have been conducted, and numerous others have been scheduled.

During the course of discovery relating to the arbitration proceeding, Pre–Fab delivered to Jewelcor's counsel transcripts of approximately fifteen tape-recorded conversations. The contents of the tape-recorded conversations concern the events which are the subject of the arbitration proceeding. James R. Brunemann has stated under oath that the tapes were made when he, with the knowledge and consent of James C. Brunemann, attached a recording device to his office telephone located in Fairfield, Ohio. The conversations were recorded without the permission or knowledge of the other parties to the conversations. Intercepted telephone calls include some made with Leonard Walker, appellant.

When Jewelcor's counsel discovered that the conversations were taped without the consent of the parties, she recognized the potential for liability under the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("Wiretap Law"), which provides civil and criminal penalties for persons who intercept or disclose the contents of any wire communication unless all parties to the communication consent. *See* 18 Pa.C.S. §§ 5701–5726. She returned the tapes to Pre–Fab.

Appellee wants to reveal the contents of the conversations to the arbitrators, but also wants to protect itself from

---

1. Originally, four individual defendants were named. Appellee subsequently filed an amended complaint adding seven additional defendants to the action on the basis of the same allegations.

liability under the Wiretap Law. In Ohio, there are no criminal or civil penalties for nonconsensual wire-tapping of telephone conversations.

On the basis of these allegations, appellee requested various forms of relief in four separate counts of its complaint. First, it asked that the court declare that the Wiretap Law does not apply to the tapes, but that Federal statutory law or Ohio law apply to the Pennsylvania arbitration. Second, Jewelcor asked that the court find that Jewelcor, its witnesses, and counsel are not subject to the civil and criminal penalty provisions of the Wiretap Law pursuant to section 5717(c), which provides an exemption from criminal and civil liability to any person who obtains the knowledge of the contents of a taped communication by means authorized by the laws of another state or federal government if the information is disclosed while giving testimony under oath or affirmation in any proceeding in this Commonwealth.

Third, it asked the court to rule that Jewelcor, its witnesses, and counsel be allowed to use the tapes in the arbitration proceedings without being subject to the civil and criminal penalties of the Wiretap Law and that the material be used only in the arbitration and then placed under seal. Fourth, Jewelcor asked that if the court determines that it is not entitled to the first three forms of relief, that the court declare that the defendants did tape the conversations in violation of Pennsylvania law and award appellee damages.

Jewelcor then filed a motion for peremptory judgment, contending that it is permitted to use the taped conversations in the arbitration proceeding under 18 U.S.C. § 2511(2)(d), which provides that it is not illegal to use conversations taped without the consent of both parties under certain circumstances. Pre–Fab, a defendant, then joined in the motion for peremptory judgment, asking that it also be protected from liability for using the taped conversations in the arbitration proceeding. Appellant was

the only person to oppose the request for peremptory judgment.

On September 5, 1989, the trial court granted the motion, concluding that since the conversations were made with people in different states, 18 U.S.C. § 2511(2)(d) applies, preempts Pennsylvania law, and permits the use of the conversations in the Pennsylvania arbitration proceeding without the consent of appellant. This timely appeal followed.

■■■ We conclude that the trial court lacked jurisdiction to decide this issue, which relates solely to the admissibility of evidence in an arbitration proceeding. Section 7533 of the Declaratory Judgments Act (the "Act"), 42 Pa.C.S. § 7533, grants courts jurisdiction to determine any question of construction arising under a statute. That section certainly envisions the relief granted by the order under consideration. However, courts do not have jurisdiction to provide relief under the Act with respect to any "proceeding within the exclusive jurisdiction of a tribunal other than a court." 42 Pa.C.S. § 7541(c)(2). The relief granted by the order relates to the admissibility of evidence in the arbitration proceeding and is within the exclusive jurisdiction of the arbitration panel. The panel is the body with the jurisdiction to determine whether 18 U.S.C. § 2511(2)(d) applies and preempts Pennsylvania law with respect to evidence to be presented in the action pending before it.

*Commonwealth Department of General Services v. Frank Briscoe Co.*, 502 Pa. 449, 466 A.2d 1336 (1983), is instructive. There, the Commonwealth Department of General Services brought a declaratory judgment action seeking a ruling regarding certain rights under a contract that the department knew was about to be submitted to administrative proceedings in the Pennsylvania Board of Claims. The supreme court, relying partially on section 7541(c)(2), ruled that there was no jurisdiction under the Act to determine issues that are to be resolved in an administrative forum.

Similarly, in *Deigendesch v. County of Bucks*, 505 Pa. 555, 482 A.2d 228 (1984), the supreme court stated that the courts do not have jurisdiction to determine the validity of a real estate assessment pursuant to a declaratory judgment action, which the taxpayers had instituted rather than appealing the assessment to the county's board of review of assessment appeals. The court noted that under section 7541(c)(2) of the Act, relief in the form of a declaratory judgment is not available in proceedings within the jurisdiction of another tribunal and that under Pennsylvania statutes, review of a tax assessment is within the jurisdiction of the board of tax appeals.

We also find guidance on this issue from early case law which clarifies that section 7541(c)(2) applies to proceedings before arbitration panels and that a declaratory judgment action may not be entertained with respect to matters that are within the jurisdiction of the arbitrators. *See Allstate Insurance Co. v. Taylor*, 434 Pa. 21, 252 A.2d 618 (1969), and cases discussed therein. *See also Prudential Property and Casualty Insurance Co. v. McDaniel*, 342 Pa.Super. 557, 493 A.2d 731 (1985).

In the present appeal, we are asked to decide an issue that does nothing more than declare whether certain evidence can be admitted to the panel of arbitrators in contravention of Pennsylvania law due to the applicability of federal law. Section 7541(c)(2) of the Act prohibits us from interfering with the panel's evidentiary matter.

Following the conclusion of the arbitration and entry of the award, there is recourse to the courts. *See* 42 Pa.C.S. §§ 7301–41.

Order reversed and case remanded. Jurisdiction relinquished.