594 A.2d 741

**ERIE INSURANCE EXCHANGE, Appellee,**

**v.**

**Barry Scott MASON, Sr., Administrator of the Estate of Barry S. Mason, Jr., Deceased, Appellant.**

Superior Court of Pennsylvania.

Argued April 18, 1991.

Filed Aug. 8, 1991.

John R. Gavin, Oil City, for appellant.

Peter C. Acker, Sharon, for appellee.

Before McEWEN, DEL SOLE and FORD ELLIOTT, JJ.

McEWEN, Judge:

Appellant, in this appeal from an order which (1) denied his motion to compel arbitration, and (2) granted the motion of appellee for judgment on the pleadings in this declaratory judgment action, contends that the trial court committed reversible error when it concluded that it, rather than the arbitrators, had jurisdiction to resolve the instant controversy. We agree and, therefore, vacate the order and remand the case.

Appellant's decedent, Barry Scott Mason, Jr., died as a result of injuries sustained when the motorcycle he was operating was struck by a truck owned by B & S Oil Company and operated by Kenneth Beals. At the time of the accident, Mason's motorcycle was uninsured. Mason himself, however, was an insured, by virtue of his status as a member of his stepfather's residence, under two policies of motor vehicle insurance issued by appellee to Donald Bechtel, Mason's stepfather. The policies issued to Bechtel by appellee each provided for $25,000 in underinsured motorist coverages. Appellant settled the wrongful death and survival actions he had instituted against the owner/operator of the truck for the limits of the applicable liability

coverage [1] and then made a claim against Erie for $50,000 in underinsured benefits. Erie refused payment on the basis that the decedent's failure to insure his motorcycle precluded his recovery of benefits. Appellant, in accordance with the provisions of the policy issued by appellee, designated his arbitrator. Erie appointed an arbitrator but prior to the selection of the neutral arbitrator, filed the instant declaratory judgment action, requesting that the court determine that appellant's decedent, as the owner of an uninsured motorcycle, was not entitled to recover underinsured motorist benefits. Appellant responded by filing a motion to compel arbitration, citing the language of the policies which provided that "Disagreement over the legal right to recover damages or the amount of damages will be settled by arbitration." The trial court denied the motion to compel arbitration and granted appellee's motion for judgment on the pleadings, concluding that appellant's decedent's failure to maintain financial responsibility on a registered motorcycle precluded recovery of underinsured motorist benefits.

Appellant contends that his motion to compel arbitration was improperly denied as a result of the trial court's misapprehension of the rationale of those cases, beginning with *Webb v. United Services Automobile Association,* 227 Pa.Super. 508, 323 A.2d 737 (1974), which permit a court to exercise its jurisdiction in a coverage dispute otherwise subject to arbitration, " 'where the claimant attacks a particular provision of the clause itself as being contrary to a constitutional, legislative, or administrative mandate, or against public policy or unconscionable.' " *Azpell v. Old Republic Insurance Co.,* 526 Pa. 179, 183, 584 A.2d 950, 952 (1991), *quoting United Services Automobile Association Appeal, supra* 227 Pa.Super. at 516, 323 A.2d at 741.[2]

1. Coincidentally, Erie was also the insurer of the tortfeasor.

2. For cases discussing the applicability of this exception *see, e.g.: Marroquin v. Mutual Benefit Insurance Co.,* 404 Pa.Super. 444, 447, 591 A.2d 290, 292 (1991); *Kester v. Erie Insurance Exchange,* 399 Pa.Super. 206, 208–09, 582 A.2d 17, 19 (1990); *Daley Sand v. West American Insurance Co.,* 387 Pa.Super. 630, 564 A.2d 965, 969 (1989); *Johnson v. The Travelers,* 348 Pa.Super. 278, 281–83, 502 A.2d 206, 208

We are constrained to agree with appellant that the instant controversy was required to be submitted to the arbitrators.

The trial court in the instant case was not asked to determine, and in fact did not find, that any provision of the policy issued by appellee was contrary to public policy. Rather, the trial court believed it could properly disregard the parties' contractual agreement to arbitrate based upon its conclusion that an award of underinsured benefits to appellant, under the circumstances of this case, would be contrary to public policy. This reasoning was specifically rejected by our Supreme Court in *Azpell:*

> In this instance, the Superior Court did not find any contract provision contrary to public policy but rather, held that the award itself was contrary to public policy. *This result oriented analysis* is exactly the type of review the legislature was attempting to avoid by promulgation of the Uniform Arbitration Act.

*Azpell v. Old Republic Insurance Co., supra,* 526 Pa. at 184, 584 A.2d at 952 (emphasis supplied).

Appellee, the entity which had drafted the contract of insurance at issue, did not base its claim of entitlement to a declaratory judgment on any allegedly unconstitutional or illegal provision in its policy. Rather, it sought a ruling from the trial court that, solely as a result of appellant's decedent's failure to insure his motorcycle,[3] appellee was

(1985); *Wilbert v. Harleysville Mutual Insurance Co.,* 254 Pa.Super. 217, 385 A.2d 987 (1978).

**3.** *See and compare: Nationwide Mutual Insurance Co. v. Hampton,* 935 F.2d 578 (3rd Cir.1991) (Plaintiff, a Pennsylvania resident, was injured while operating his uninsured motorcycle which he had registered in Delaware. After the driver of the other vehicle paid the limits of his liability coverage to plaintiff, plaintiff sought $100,000 in underinsured benefits under his father's policy. The Third Circuit Court of Appeals found that plaintiff, as the owner of an uninsured motorcycle, was barred from recovering underinsured motorists benefits as a result of application of a household exclusion clause contained in the policy. The court, distinguishing *Marroquin,* found that in light of the public policy expressed in the MVFRL, the clause was not void as contrary to public policy). *Henrich v. Harleysville Insurance Co.,* 403 Pa.Super. 98, 588 A.2d 50 (1991) (Judgment on the pleadings in favor of insurer based upon plaintiff's ownership of an

entitled to deny appellant the underinsured benefits to which he would otherwise be entitled. This was a dispute which was clearly encompassed within the arbitration clause.

As our Supreme Court noted in *Brennan v. General Accident Fire & Life Assurance Corp. Ltd.*, 524 Pa. 542, 574 A.2d 580 (1990):

> A review of the language of the arbitration clause reveals that arbitration is mandated whenever the insured and the insurer disagree as to when a party is legally entitled to recover damages. There is no limit to the jurisdiction of the arbitrators over what issues may be submitted and in fact the policy declares that all disputes between the insurance company and the insured will be arbitrated. The instant dispute, in its broadest sense, involves a disagreement as to the amount of damages which Appellant would and could possibly receive under the policy.
>
> \*    \*    \*    \*    \*    \*
>
> Given the broad scope of authority given the arbitrators, we have little difficulty in concluding that the dispute herein is a matter specifically within the scope of the arbitration clause.

*Brennan v. General Accident Fire & Life Assurance Corp. Ltd., supra,* 524 Pa. at 549, 574 A.2d at 583. *See also: Lamar v. Colonial Penn Insurance Co.,* 396 Pa.Super. 527, 530–31, 578 A.2d 1337, 1339 (1990).

The Declaratory Judgment Act expressly provides that a party is not entitled to declaratory relief with respect to any "proceeding within the exclusion jurisdiction of a tribunal other than a court." 42 Pa.C.S. § 7541(c)(2). This section has been held applicable to arbitration proceedings, precluding Declaratory Judgment actions with respect to matters within the jurisdiction of the arbitrators. *See: Jewelcor,*

uninsured vehicle, reversed since 75 Pa.C.S. § 1741 precludes owners of registered but uninsured vehicles from recovering *only* first party benefits. Since underinsured motorist benefits are not first party benefits, section 1741 does not, as a matter of law, preclude plaintiff from obtaining underinsured motorist benefits. Case remanded for further proceedings).

*Inc. v. Pre–Fab Panelwall, Inc.,* 397 Pa.Super. 78, 82–83, 579 A.2d 940, 942 (1990), *citing Allstate Insurance Co. v. Taylor,* 434 Pa. 21, 252 A.2d 618 (1969). *See also: Brennan v. General Accident, Fire & Life Assurance Corp., Ltd., supra,* (in which the Supreme Court held that once it has been determined that a substantive dispute is subject to arbitration, the arbitration panel normally has the authority to decide all matters necessary to dispose of the claim, unless the parties have expressly restricted the matters to be submitted to arbitration); *Nationwide Mutual Insurance Co. v. Pitts,* 400 Pa.Super. 269, 271–73, 583 A.2d 489, 491 (1990) (in which this court held that an issue of whether the insurer was contractually bound to provide underinsured motorist coverage was within the jurisdiction of the arbitration panel); and *Lamar v. Colonial Penn Insurance Co., supra,* 396 Pa.Superior Ct. at 528–31, 578 A.2d at 1338–39 (in which this court held that a question relating to an insured's intent to select a higher amount of coverage must be submitted to arbitration).

We are, therefore, required to vacate the order which granted the motion of appellee for judgment on the pleadings and denied appellant's motion to compel arbitration, and remand for the entry of an order by the trial court dismissing the declaratory judgment action and directing the parties to proceed to arbitration pursuant to the terms of the contract of insurance.

Order vacated. Case remanded. Jurisdiction relinquished.