958 F.2d 550
 Robert McALISTER, Appellee,
v.
SENTRY INSURANCE COMPANY, Appellant.
SENTRY INSURANCE, a Mutual Company, Appellant,
v.
Robert McALISTER and Laureen McAlister, H/W in their own
right and Robert McAlister and Laureen McAlister,
as parents and natural Guardians of
Kristina McAlister, a minor, Appellees.
 Nos. 91-1656, 91-1657.
 United States Court of Appeals,
Third Circuit.
 Argued Jan. 28, 1992.
Decided March 10, 1992.
 
 John Gerard Devlin, Basil A. DiSipio (argued), John Gerard Devlin & Associates, Philadelphia, Pa., for appellant.
 Robert G. Bellowar (argued), Schubert, Bellwoar, Mallon & Walheim, Philadelphia, Pa., for appellees.
 Before MANSMANN, HUTCHINSON, and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 ROSENN, Circuit Judge.
 
 
 1
 The primary issue raised in this appeal is an important question of insurance law relating to the force and effect of an arbitration clause in an insurance contract and the power of the arbitrators acting thereunder to decide issues of law as well as fact. Sentry Insurance Company ("Sentry"), appellant, sought a declaratory judgment that appellee Robert McAlister was not entitled to benefits under the underinsured coverage of an insurance policy issued by Sentry to VIP Auto Stores (VIP) of which he was president and principal stockholder. In a related action, McAlister moved for summary judgment to compel Sentry to arbitrate the dispute under the terms of the policy of insurance between them. The district court decided the legal question raised by the motion, ruling that McAlister qualified as an insured under the policy and that the parties were obligated to arbitrate the dispute as to the extent of coverage owed, and dismissed Sentry's action for declaratory judgment.
 
 
 2
 Sentry filed a Motion for Reconsideration as to both the summary judgment and declaratory judgment actions, which the district court denied. Sentry appealed from the dismissal of its Motion for Reconsideration and this court approved consolidation, both actions being based upon the same facts and involving the same issues of law. We hold that the district court correctly determined that Sentry was bound to arbitrate under the terms of the policy but the court erred insofar as it concluded that it, rather than the arbitrators, had authority to decide the legal issues raised by the parties.
 
 I.
 
 3
 On October 11, 1989, McAlister sustained severe injuries in a motor vehicle accident. His vehicle was struck by one driven by Joseph Marlin, a minor who had been served alcohol at the Malvern Meeting House Restaurant, Inc. ("the Malvern"), just prior to the accident. The policy of insurance issued to VIP, in effect on the date of the accident, provided for underinsured motorist benefits and listed as covered the vehicle involved in the accident.
 
 
 4
 On October 24, 1989, McAlister forwarded a letter to Sentry notifying it that he would be making a claim for underinsured motorist benefits. In a subsequent letter, McAlister requested consent from Sentry to settle with Marlin for his policy limit of $25,000 and advised Sentry that a claim for underinsured motorist benefits was being made because Marlin's policy limit fell short of compensating McAlister for his injuries. On November 15, 1989, McAlister filed a third party civil complaint before the Court of Common Pleas of Chester County, Pennsylvania, against Marlin and the Malvern, seeking monetary damages for the injuries sustained in the accident. Soon thereafter, Sentry authorized McAlister to settle with Marlin's insurance carrier for the amount of its policy limits and to release him from all claims.
 
 
 5
 In March of 1990, Sentry suggested that McAlister exhaust all measures against the Malvern before requesting coverage from Sentry. McAlister advised Sentry that he intended to pursue a cause of action against the Malvern but that under Pennsylvania law it was not necessary to exhaust all remedies against third parties before seeking coverage under the underinsured motorist section of the policy. On April 10, 1990, McAlister formally requested underinsured motorist arbitration, appointed his arbitrator and requested Sentry to do the same. In three subsequent letters, McAlister again requested Sentry to appoint its arbitrator, advised Sentry of the status of the dram shop case, provided information concerning the seriousness of his injuries and reaffirmed his willingness to provide any information necessary to complete the settlement of the underinsured motorist claim.
 
 
 6
 Finally, on January 24, 1991, McAlister filed a petition in the state common pleas court to compel arbitration. Sentry removed the petition to the United States District Court for the Eastern District of Pennsylvania, basing jurisdiction on diversity of citizenship.
 
 
 7
 On April 1, 1991, McAlister settled his claim against the Malvern for $200,000. Sentry did not consent to this settlement although it was present during the final negotiations. McAlister executed a release in favor of the Malvern in exchange for the settlement which provided that McAlister would hold harmless and indemnify the Malvern from any civil actions arising out of the October 11, 1989 accident, including any subrogation action brought by Sentry. The release also specifically purported to preserve Sentry's subrogation rights.
 
 II.
 
 8
 On appeal to this court, Sentry contends that issues concerning coverage should be determined by a court of competent jurisdiction and not by an underinsured motorist arbitration panel. Among the issues Sentry calls upon us to decide, as it did in the district court, is whether Sentry should be relieved from any coverage owed to McAlister under the policy because he failed to obtain Sentry's consent and failed to preserve its subrogation rights before settling with the Malvern and executing a final release. Sentry further asserts that the district court erred in determining coverage for McAlister because: (1) any recovery from Sentry would be more than offset by recovery from the Malvern; (2) McAlister failed to exhaust the liability limits of the Malvern policy; and (3) any recovery from Sentry would constitute an inequitable double recovery. Finally, Sentry contends that the district court erred in finding that the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701, et seq. ("MVFRL"), applies when McAlister did not hold the title to the vehicle in question and it was not registered in Pennsylvania.
 
 
 9
 Because an appeal from a denial of a Motion for Reconsideration brings up the underlying judgment for review, the standard of review varies with the nature of the underlying judgment. Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348-49 (3rd Cir.1986). In this case, the district court's denial of the motion to reconsider was based upon the interpretation of legal precepts, thus, our review of the lower court's decision is plenary. Koshatka v. Philadelphia Newspapers, Inc., 762 F.2d 329, 333 (3rd Cir.1985) (exercising plenary review of denial of motion to reconsider summary judgment).
 
 III.
 
 10
 The threshold question we must decide is whether the district court properly exercised jurisdiction over all of the foregoing issues or whether it should have remanded the case forthright to an underinsured motorist arbitration panel. Under Pennsylvania law,[1] the parties must submit an issue to arbitration where: (1) the parties entered into an agreement to arbitrate and (2) the dispute falls within the scope of that agreement. Rocca v. Pennsylvania Gen. Ins. Co., 358 Pa.Super. 67, 516 A.2d 772, 772-73 (1986), alloc. denied, 517 Pa. 594, 535 A.2d 83 (1987).
 
 
 11
 Sentry disputes the existence of any obligation to arbitrate, vigorously contending that the dispute does not fall within the scope of the arbitration agreement because McAlister is not "an insured" under its policy. The arbitration clause in the Sentry policy provides:
 
 
 12
 If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or an "underinsured motor vehicle" or do not agree as to the amount of damages, either party may make a written demand for arbitration. Each party will select an arbitrator. The two arbitrators will select a third....
 
 
 13
 Sentry relies upon this court's decision in Myers v. State Farm Insurance Co., 842 F.2d 705 (3rd Cir.1988) which held that the insurer was entitled to a judicial determination of whether the vehicle was an underinsured vehicle and that such a determination was a prerequisite to arbitration. However, a recent decision by this court, Nationwide Ins. Co. v. Patterson, 953 F.2d 44 (3rd Cir.1991), acknowledges that Myers is no longer good law under a later Pennsylvania Supreme Court case, Brennan v. General Accident Fire and Life Assurance Corp., Ltd., 524 Pa. 542, 574 A.2d 580 (1990).
 
 
 14
 In Brennan, the Pennsylvania Supreme Court reviewed an arbitration clause, similar to the one at issue here, which was by its language limited to whether the claimant was entitled to recover damages from the owner or operator of an underinsured motor vehicle and the amount of damages due. The arbitrators actually considered issues relating to estoppel, delay damages and a set-off. The court ruled that the decision was within the arbitrators' authority:
 
 
 15
 There is no limit to the jurisdiction of the arbitrators over what issues may be submitted and in fact the policy declares that all disputes between the insurance company and the insured will be arbitrated. The instant dispute, in its broadest sense, involves a disagreement as to the amount of damages which Appellant would and could possibly receive under the policy.
 
 
 16
 Brennan, 574 A.2d at 583.
 
 
 17
 The court further noted that arbitrators normally have authority to decide all matters necessary to dispose of a claim; "unless restricted by the submission, the arbitrators are the final judges of law and fact and their award will not be disturbed for mistake of either." Id. (citations omitted).
 
 
 18
 In recent consideration of the authority of arbitrators, the Pennsylvania Superior Court has given Brennan a broad interpretation. "In several cases decided after Brennan, it held that questions involving the existence and extent of insurance coverage were within the scope of arbitration clauses similar to the clauses presented here." Patterson, 953 F.2d at 47; see e.g., Baverso v. State Farm Ins. Co., 407 Pa.Super. 164, 595 A.2d 176 (1991) (holding that while the issue of whether appellant was "an insured" under the contract was seemingly a prerequisite to arbitration under the insurance policy, under Brennan, the arbitrators must determine all such issues).
 
 
 19
 Similarly, the majority of United States district court decisions applying Pennsylvania law also have held that questions concerning the extent of insurance coverage are within the arbitrators' authority unless the clause explicitly excludes such coverage issues from the scope of arbitration. See Patterson, 953 F.2d at 47 (citations omitted). Thus, under this court's recent decision in Patterson, we must conclude that the arbitration clause clearly encompassed the determination of whether McAlister is "an insured" under Sentry's policy and should therefore be left to the arbitrators.
 
 
 20
 Because our decision resolving the broad provisions of the arbitration clause here is dispositive, we do not reach the other issues raised. They are for the arbitrators to resolve. It appears logical to us, however, that a court of law should first decide the applicability of those policy provisions claimed to be contrary to legislative intent or against public policy. Because certain provisions of the underinsured motorist insurance policy have been questioned as void against public policy and the MVFRL, it appears at first glance that a court should rule as a matter of law as to the validity of those clauses. In Kester v. Erie Insurance Exchange, 399 Pa.Super. 206, 582 A.2d 17 (1990), the Pennsylvania Superior Court reaffirmed the principle set forth in Daley-Sand v. West American Insurance Co., 387 Pa.Super. 630, 564 A.2d 965, 969 (1989) (citations omitted):
 
 
 21
 The law is clear that, although a case turning on the application or construction of an uninsured motorist clause is within the exclusive jurisdiction of the arbitration system, when the issue is whether a particular provision of the contract is contrary to a constitutional, legislative or administrative mandate, the courts properly exercise their jurisdiction over the entire matter.
 
 
 22
 In the above cases, however, the insured, as opposed to the insurer, sought a judicial forum to argue that the provisions of the insurance policy are contrary to law or public policy. In this case, McAlister at no time has sought a judicial interpretation of the insurance policy as void against public policy or the MVFRL, but instead has consistently sought to compel arbitration. Nor did Sentry initiate its action for a declaratory judgment on the ground that provisions of its policy are void against public policy. See Erie Ins. Exchange v. Mason, 406 Pa.Super. 520, 594 A.2d 741, 742 (1991). Rather, the district court affirmatively raised the issue of voidness as against the MVFRL and public policy. As stated by this court in Patterson, "[w]hen the claimant seeks to have a dispute arbitrated that is within the scope of an arbitration agreement, she may proceed through arbitration notwithstanding the legal fact that her arguments are based in part on legal and public policy challenges to other provisions in the agreement." 953 F.2d at 48 (citations omitted).
 
 
 23
 Thus, we hold that the district court properly granted McAlister's motion to compel arbitration and dismissed Sentry's motion for declaratory judgment, although, as we point out here, its memorandum of law accompanying the orders improperly limited the powers of the arbitrators. The court exceeded its authority in deciding the merits of the controversy; it simply should have entered the orders and remanded the case to the panel of arbitrators for resolution of all the factual and legal issues.
 
 IV.
 
 24
 Accordingly, we will affirm the order of the district court entered June 12, 1991 granting summary judgment on McAlister's motion to compel arbitration, but we vacate the strictures imposed by the court's memorandum opinion limiting the powers of the arbitrators.[2] The order of the district court entered June 11, 1991 is affirmed only insofar as it dismissed Sentry's motion for declaratory judgment but all other rulings contained in the order are vacated as beyond the court's authority. Similarly, the order of the district court entered July 22, 1991 denying Sentry's motions for reconsideration is affirmed but the statement of reasons contained in the order are vacated as exceeding the court's authority. The case is remanded to the district court for implementation of its order directing arbitration. Costs to be taxed against the appellant, Sentry Insurance Company.
 
 
 
 [1]
 In this diversity case, state law governs the substantive liability of the parties. It is undisputed that Pennsylvania law applies. The district court applied Pennsylvania law and so do we
 
 
 [2]
 If the decision of the district court is correct, it must be affirmed, although that court relied upon a wrong ground or gave an inappropriate reason. Myers v. American Dental Ass'n, 695 F.2d 716, 725 n. 14 (3rd Cir.1982), cert. denied, 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983)