## FEDERAL KEMPER INSURANCE CO.

### v.

### Erica REAGER.

### Civ. A. No. 92–3725.

United States District Court, E.D. Pennsylvania.

Nov. 6, 1992.

William A. Rubert, Philadelphia, PA, for plaintiff.

Bradford H. Charles, Lebanon, PA, for defendant.

## MEMORANDUM

GILES, District Judge.

### I. INTRODUCTION

Plaintiff Federal Kemper Insurance Company ("Kemper") filed a complaint for declaratory judgment with this court on June 25, 1992. Jurisdiction is based upon diversity of citizenship.

In June, 1991, defendant Erica Reager ("Reager") was injured while a passenger in a car driven by Kerry Darkes ("Darkes"). Reager has asserted that the accident occurred as a result of Darkes' negligence, and that Darkes' insurance was insufficient to compensate Reager for her

injuries. At the time of the accident, Reager's mother, Karen Reager, was the holder of a motor vehicle insurance policy issued by plaintiff Kemper ("the Policy"). The Policy included underinsured motorist ("UIM") benefits. Reager claims to be an insured under the Policy, and has presented a UIM claim to Kemper.

At the time of the accident, Reager owned an automobile and was insured for the operation of that automobile under a policy issued to her by Nationwide Insurance Company ("Nationwide"). As required by Pennsylvania law, *see* 75 Pa.C.S. § 1731, Nationwide offered uninsured/underinsured motorist coverage to Reager, but she rejected it. Kemper argues that Reager's rejection of UIM coverage under her Nationwide policy now disqualifies her from receiving UIM benefits through any motor vehicle insurance policy under which she might be considered an insured. Kemper brought this declaratory judgment action seeking an interpretation of the Policy which compels a declaration that Kemper is not required to provide UIM benefits to Reager.

Reager has filed a motion to dismiss the complaint. She argues that the insurance policy under which UIM benefits are sought contains a provision mandating arbitration as the exclusive method by which the dispute between her and Kemper is to be resolved. She argues that the question presented by the declaratory judgment complaint is properly decided by arbitration under the terms of the policy. Because we agree with defendant, we grant her motion to dismiss.

## II. DISCUSSION

The insurance policy between plaintiff and defendant's mother, under which de-

fendant makes her claim, provides uninsured/underinsured motorist coverage. In the Policy, Kemper agrees to "pay only compensatory damages which an insured is legally entitled to recover from the owner or operator of either an uninsured motor vehicle or an underinsured motor vehicle ... because of bodily injury ... [s]ustained by an insured; and [c]aused by an accident." Policy Number R 0590116, attached as Exhibit A to plaintiff's Complaint for Declaratory Judgment (boldface in original).

Reager claims to be an insured under this policy as a family member of the named insured,[1] and has filed a UIM claim with Kemper, seeking to recover compensation for the injuries she allegedly incurred as a result of Darkes' negligence. Kemper responded to Reager's claim by filing the instant declaratory judgment action in this court. Kemper maintains, and seeks to have this court declare, that Reager is not entitled to recover UIM benefits. Kemper argues that when Reager declined UIM coverage on her own Nationwide policy, she also rejected UIM coverage under her mother's Kemper policy.

Reager has filed a motion to dismiss Kemper's complaint. Her motion to dismiss does not address the merits of Kemper's claim that she has waived UIM coverage, and the merits of that claim are not now before the court. Instead, Reager argues that the Policy under which she makes her claim contains an arbitration clause which mandates arbitration as the method by which her claim must be resolved. Reager concludes that Kemper's complaint, which seeks to have this court decide the claim, must therefore be dismissed.[2]

---

1. The Policy defines "insured" to include family members of the person named on the policy, with "family member" further defined as "a person related to [the named insured] by blood, marriage or adoption who is a resident of [the named insured's] household." *See* plaintiff's Complaint for Declaratory Judgment, Exhibit A.

2. Defendant never explicitly states under which Federal Rule of Civil Procedure she is pursuing her motion to dismiss. In her motion, Reager states that this court "does not possess jurisdic-

tion to decide the issues raised" in Kemper's complaint "because said jurisdiction rests with the Board of Arbitrators," and therefore asks the court to dismiss the complaint "due to lack of jurisdiction." Defendant's Motion to Dismiss ¶¶ 8–9. This language suggests that defendant is making her motion to dismiss under Rule 12(b)(1) (lack of jurisdiction over the subject matter) or Rule 12(b)(2) (lack of jurisdiction over the person). However, both parties agree that this court has subject matter jurisdiction by

### A. The Arbitration Clause

Both parties agree that the Policy contains an arbitration clause which states, in pertinent part:

**ARBITRATION**

A. If we and an **insured** do not agree:

1. Whether that person is legally entitled to recover damages from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle**; or

2. As to the amount of damages; either party may make a written demand for arbitration. Arbitration shall be conducted in accordance with the provisions of the Pennsylvania Uniform Arbitration Act.

*Id.*

Although the parties agree that the policy under which Reager makes her claim contains this arbitration clause, they differ about the implications of this fact. Reager argues that this clause mandates arbitration as the method by which her claim must be resolved. Kemper admits that "certain issues are to be referred to arbitrators, namely disputes as to whether the claimant is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle, and as to the amount of damages." Plaintiff's Answer to Defendant's Motion to Dismiss at ¶ 6. However, Kemper claims that it "did not agree, by means of this arbitration provision, to arbitrate the question of whether it had agreed to arbitrate." *Id.* Kemper claims that its

complaint raises "the threshold question whether Federal Kemper ever agreed to arbitrate defendant's entitlement to UM or UIM benefits at all." Memorandum of Law in Support of Plaintiff's Response to Defendant's Motion to Dismiss at 2. Kemper further claims that this "threshold" question is for the court to decide, not for the arbitrators.

Kemper correctly points out that Pennsylvania law gives the courts some authority to decide the "threshold" question of whether or not an agreement to arbitrate under the Uniform Arbitration Act exists. The Act provides in pertinent part:

**Stay of arbitration.** —On application of a party to a court to stay an arbitration proceeding threatened or commenced the court may stay an arbitration on a showing that there is no agreement to arbitrate. When in substantial and bona fide dispute, such an issue shall be forthwith and summarily tried and determined and a stay of arbitration proceedings shall be ordered if the court finds for the moving party. If the court finds for the opposing party, the court shall order the parties to proceed with arbitration.

42 Pa.C.S. § 7304(b).[3] Kemper, in its response to Reager's motion to dismiss, asks the court to find that there is no agreement to arbitrate between Kemper and Reager.

■ We agree with Kemper that the court has some "threshold" power to decide whether or not an agreement to arbitrate exists. However, it is undisputed that un-

---

virtue of diversity of citizenship, and there is no question that personal jurisdiction exists over both parties. Thus, in spite of the language in her motion, defendant is not actually pursuing a motion to dismiss for lack of jurisdiction. Instead, defendant's Motion to Dismiss is properly considered as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

**3.** *See also* 42 Pa.C.S. § 7304(a):

**Compelling arbitration.**—On application to a court to compel arbitration made by a party showing an agreement described in section 7303 (relating to validity of agreement to arbitrate) and a showing that an opposing party refused to arbitrate, the court shall order the parties to proceed with arbitration. If the opposing party denies the existence of an

agreement to arbitrate, the court shall proceed summarily to determine the issue so raised and shall order the parties to proceed with arbitration if it finds for the moving party. Otherwise, the application shall be denied.

Technically, the relief sought by plaintiff is a declaratory judgment interpreting the Policy, rather than a stay of arbitration. However, this nicety of pleading does not affect our analysis. If Kemper were granted the relief requested in *its complaint, the effect would be to stay the* arbitration desired by Reager. In addition, if Reager had beat Kemper to the courthouse door by first filing a complaint requesting the court to compel arbitration pursuant to 42 Pa.C.S. § 7304(a), *supra,* the question of whether an agreement to arbitrate exists would again be before the court.

der the terms of the policy Kemper has agreed to arbitrate certain UIM coverage issues with its insureds. We find that the substantive issues raised by Kemper in its complaint are well within the scope of the arbitration clause, and the question of whether Reager is an insured is for the arbitrators to decide. Therefore, the arbitrators must decide all the issues raised by Kemper in its complaint. We therefore grant defendant's motion to dismiss.

*B. The Scope of the Arbitration Clause and the Claimants with Whom Kemper has Agreed to Arbitrate*

There is no dispute that the policy under which Reager makes her claim has an arbitration clause. The plain language of the clause shows that Kemper has agreed to arbitrate *something* about UM/UIM claims with *someone.* Therefore, Kemper's claim that they never agreed to arbitrate with Reager must be an assertion that the substantive issues dividing Kemper and Reager are outside the scope of issues which the arbitration clause encompasses, or that Reager is not one of the people with whom the clause contemplates Kemper will arbitrate. However, the decisions of the Pennsylvania Supreme Court and the third circuit dictate that both of Kemper's objections to arbitration fail. The scope of the arbitration clause encompasses the issue of whether Reager has waived UIM coverage on her mother's policy by declining it on her own. In addition, it is for the arbitrators to decide whether or not Reager is one of the people with whom Kemper agreed to arbitrate such issues.

1. The Scope of the Arbitration Clause

It is possible to read the above-quoted arbitration clause narrowly as stating that there is an agreement to arbitrate only about whether or not the claimant is legally entitled to recover damages *from the owner or operator of the uninsured or underinsured vehicle.* Under this narrow reading, an insurance company might agree that the claimant is legally entitled to recover damages from the operator of an underinsured vehicle, but still refuse to ar-

bitrate the issue of whether the policy's UIM coverage allows the claimant to recover that money *from the insurance company.* In other words, the insurance company might claim that the arbitration clause is relevant only to disputes about the legal entitlement of a claimant to damages from someone else, and does not require arbitrating the question of whether the claimant is covered for such losses under the policy. That is in essence the claim of Kemper in the instant case. Kemper's declaratory judgment action does not dispute that the question of whether Reager is legally entitled to recover damages from Darkes, the allegedly negligent driver of the car in which Reager was injured, would be for the arbitrators. Instead, Kemper contests Reager's ability to collect compensation for those injuries under the Policy, and argues that the question of whether Reager's waiver of UIM coverage on her own policy disqualifies her from receiving UIM benefits under the Policy is outside the scope of the clause and so must be decided by the court.

The Pennsylvania Supreme Court has rejected such a cramped reading of an essentially identical arbitration clause. *Brennan v. General Accident Fire & Life Assurance Corp.,* 524 Pa. 542, 574 A.2d 580 (1990). Relying on the principle that any ambiguity in policy language is to be interpreted against the insurance company that wrote the policy, the *Brennan* Court read the arbitration clause broadly. In *Brennan,* the arbitrators had considered issues relating to estoppel, delay damages, and a setoff. The court held that consideration of such issues was within the arbitrators' authority:

> There is no limit to the jurisdiction of the arbitrators over what issues may be submitted and in fact the policy declares that all disputes between the insurance company and the insured will be arbitrated. The instant dispute, in its broadest sense, involves a disagreement as to the amount of damages which [the claimant] would and could possibly receive under the policy.

*Brennan,* 574 A.2d at 583.

Defendant claims that she is legally entitled to UIM coverage under the Policy.

Plaintiff disagrees. This "dispute, in its broadest sense, involves a disagreement as to the amount of damages which [the claimant] would and could possibly receive under the policy." *Brennan, supra.* Thus, if defendant is an "insured" under the Policy, *Brennan* commands that she is entitled to have her UIM claim arbitrated.

### 2. The Class of Claimants With Whom the Arbitration Clause Contemplates Arbitration

The clear language of the arbitration clause indicates that arbitration of a UIM claim is required only when the claim is made by an "insured." Kemper's argument that Reager implicitly waived UIM coverage under mother's policy when she declined it under her own policy may be taken as an assertion that Reager was not an "insured," under the Policy, at least for the purposes of UIM coverage. It is not clear from the language of the arbitration clause if the question of whether or not a claimant is an "insured" is itself a question for arbitration, or if it may be decided by a court. However, both the third circuit and the Pennsylvania Superior Court have recently considered the scope of a substantially identical arbitration clause and held that the question of whether or not a claimant is an "insured" under the Policy must be left to the arbitrators. *McAlister v. Sentry Ins. Co.,* 958 F.2d 550, 553–54 (3rd Cir.1992) (relying on *Brennan); accord Baverso v. State Farm Insurance Co.,* 407 Pa.Super. 164, 595 A.2d 176 (1991) (same).

Following *McAlister,* we hold that the question of whether or not defendant is an "insured," and therefore entitled to arbitration of her UIM claim, must be decided by arbitration.[4]

This result is strongly supported by public policy considerations. The Pennsylvania Supreme Court "has repeatedly stated that public policy favors arbitration." *Johnson v. Pennsylvania National Insurance Cos.,* 527 Pa. 504, 594 A.2d 296, 300 (1991) (citing cases). If an insurance company could be heard in a judicial proceeding any time it asserted that the claimant was not an insured, "a claimant would be subject to the cumbersome process of litigating issues before a judge. Such a procedure would undoubtedly cost insureds countless amounts of money and time to compel arbitration. This court declines to erect another hurdle for insureds to surmount where the impending result would discourage the submission of claims. The objective of arbitration is to rid the claims process of precisely that tedious procedure." *Baverso,* 595 A.2d at 178–79.

### 3. Jurisdiction of the Arbitrators

Plaintiff's final argument is that it is not within the arbitrator's jurisdiction to determine the effect of the Uninsured Motorist Act, 40 P.S. 2000, and the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 *et seq.,* and that interpreting these laws would be essential to resolution

---

**4.** The court recognizes that there is some authority to the contrary. The most direct contrary authority cited by plaintiff is *Patton v. Hanover Insurance Co.,* 417 Pa.Super. 351, 612 A.2d 517 (1992). In *Patton,* the Superior Court held that courts have authority to adjudicate the "threshold question" of whether a claimant is a "covered person" under an insurance contract, and thereby entitled to enforce an arbitration provision. However, the *Patton* court never cited *Brennan,* which has been recognized as the leading case on this issue by both state and federal courts applying Pennsylvania law. *See, e.g., McAlister* (3rd Cir.); *Baverso* (Pa.Super.), *supra; see also Nationwide Insurance Co. v. Patterson,* 953 F.2d 44, 47 (3rd Cir.1991) ("[F]ollowing the decision in *Brennan,* the vast majority of district court decisions applying Pennsylvania law have held that questions concerning coverage under an insurance policy are within the scope of an arbitration clause unless there is

language in the clause that explicitly excludes issues from the scope of arbitration."). Instead, the *Patton* court relied upon *In re Glover,* 137 Pa.Commw. 429, 587 A.2d 25 (1991), *app. denied In re Glover,* 528 Pa. 633, 598 A.2d 286 (1991), *and app. denied, Interboro Educ. Assn. v. Interboro School Dist.,* 528 Pa. 633, 598 A.2d 286 (1991), which held that petitioner was not an "employee" as defined in a collective bargaining agreement, and therefore enjoined petitioner from seeking arbitration under that agreement. Because *Patton* is a decision of the Superior Court, rather than the Supreme Court, and arrives at its conclusion through consideration of cases outside the insurance policy arbitration arena, we cannot ignore the clear command from our court of appeals that even the seemingly "threshold" issue of whether or not a claimant is an "insured" is for the arbitrator to decide.

of defendant's claim. Without considering whether or not the interpretation of these laws is really necessary to decide defendant's claim, we simply note that "once it is determined that a substantive dispute is arbitrable, normally the arbitrator has the authority to decide all matters necessary to dispose of the claim." *Brennan*, 574 A.2d at 583.

### 4. Conclusion

*Brennan* requires that the defendant has a right to have her UIM claim arbitrated if she is an insured, and *McAlister* requires that the question of whether or not defendant is an insured is to also be decided by arbitration. The arbitrators have authority to decide any question of law or fact which is presented in Reager's claim against Kemper. Therefore, Reager's claim must be decided by the arbitrators under the terms of the Policy.

The Pennsylvania Superior Court has considered the implications of *Brennan* for a factual situation strikingly similar to the instant case, and has reached the same conclusion. *Erie Insurance Exchange v. Mason*, 406 Pa.Super. 520, 594 A.2d 741 (1991), *app. denied*, 530 Pa. 643, 607 A.2d 253 (1992).

*Mason* arose when Barry Scott Mason ("Mason") died as a result of injuries he received when the motorcycle he was operating was hit by a truck. At the time of the accident, Mason's motorcycle was uninsured. Mason, however, was insured, as a resident relative, on his stepfather's policy with Erie Insurance Exchange ("Erie"). Mason's estate settled the wrongful death and survival actions brought against the owner and operator of the truck for the limits of the applicable liability coverage, and then made a claim against Erie for UIM benefits.

Erie filed a declaratory judgment action in the state court, asking that Mason's failure to insure his own motorcycle preclude his recovery of UIM benefits under his stepfather's policy. Mason's estate responded by filing a motion to compel arbitration, arguing that the policy's arbitration clause required that the question be arbitrated.[5] The trial court denied the motion to compel arbitration and granted Erie's motion for a judgment on the pleadings, holding that Mason's failure to maintain insurance on his own motorcycle precluded him from recovering UIM benefits as a resident relative of his stepfather.

The Superior Court reversed. Relying on *Brennan*, the Superior Court found that the question raised by the declaratory judgment action "was a dispute which was clearly encompassed within the arbitration clause." *Mason*, 594 A.2d at 742. Therefore, the trial court never should have reached the merits of Erie's claim. The Superior Court ordered the trial court to dismiss the declaratory judgment action and direct the parties to proceed to arbitration pursuant to the terms of the insurance policy.

In its essential facts, *Mason* is indistinguishable from the instant case.[6]

### III. SUMMARY

Case law and public policy considerations mandate that the question raised in plaintiff's declaratory judgment action must be decided by an arbitration panel chosen pursuant to the insurance policy between plaintiff and defendant's mother. There-

---

**5.** The arbitration clause, "Disagreement over the legal right to recover damages or the amount of damages will be settled by arbitration," was essentially identical to the clause at issue in the instant case.

**6.** There are some differences in the facts. Mason had declined all insurance coverage, whereas Reager has only declined UIM coverage. Mason was driving his own vehicle and was struck by an underinsured motorist, whereas Reager was a passenger in the car of an underinsured motorist. However, if these factual differences are relevant at all they are relevant only to a decision on the merits of whether or not the respective claimants are entitled to UIM benefits. These factual differences are not relevant to the question of whether or not the court should reach the merits of the dispute, which is the only issue here.

fore, we grant defendant's motion to dismiss.