CLD-037                                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2685
_____

STANLEY E. KORNAFEL,
                                        Appellant

v.

UNITED STATES POSTAL SERVICE; UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-02292)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 7, 2019
Before:  JORDAN, KRAUSE and MATEY, Circuit Judges

(Opinion filed: November 20, 2019)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Stanley Kornafel, proceeding pro se, filed a civil rights action against the United States Postal Service ("USPS") and the United States grounded on a long-ago automobile accident with a postal vehicle. For the reasons stated below, we will affirm the judgment of the District Court dismissing his complaint.

Though the complaint is difficult to follow, Kornafel seems to allege that he was involved in an accident with a postal vehicle in 1992. Kornafel and a USPS agent agreed orally that the USPS would pay for the entirety of the repairs. The USPS later did not honor that agreement, and Kornafel filed an initial lawsuit in 1994 to recover the promised amount. He alleges that the USPS continually misled the court during the 1994 lawsuit, and accuses the USPS of unfairness, deceit, and misuse of authority. The initial lawsuit was settled in 1995, and the case was thus dismissed with prejudice.[1]

In this suit, the District Court dismissed the complaint at screening pursuant to 28 U.S.C. § 1915(e). As Kornafel has filed several actions related to these events that were dismissed with prejudice, the Court determined that the current suit was barred by res judicata. Additionally, because Kornafel did not allege any actions by the defendants within the prior two years, it concluded that all his claims were untimely. The District Court also denied Kornafel's motion for reconsideration. He timely appealed.

---

[1] The complaint also seems to contain references to an unrelated divorce settlement and several Pennsylvania state court rulings between 1998 and 2007. We understand his complaint, however, to be directed toward the underlying automobile accident and the District Court's alleged bias in five related cases filed between 1994 and 2000. Any claims related to the divorce settlement or the state litigation would also be time-barred.

We have jurisdiction under 28 U.S.C. § 1291.[2]  We construe Kornafel's pro se complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  We may summarily affirm if the appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court did not err when dismissing the complaint as res judicata.  This doctrine bars a party from initiating a second suit against the same adversary based on the same "cause of action" as the first suit.  See In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).  When determining causes of action for res judicata purposes, we look toward the "essential similarity of the underlying events giving rise to the various legal claims."  Duhaney v. Att'y Gen. of U.S., 621 F.3d 340, 348 (3d Cir. 2010) (citation omitted).  In at least two suits before this one, the same claims against the same parties were dismissed with prejudice.  In Kornafel's 1994 suit, E.D. Pa. Civ. No. 94-1361, the District Court dismissed the claims arising out of the automobile accident with prejudice after a settlement was reached, which acts as res judicata to later actions.  Nobel v. Morchesky, 697 F.2d 97, 102 n.8 (3d Cir. 1982).  In the 2000 suit, E.D. Pa. Civ. No. 99-6416, the District Court dismissed claims that the USPS "abused process and used deceit," and that the "judges of the federal court… [were] bias[ed]."  Kornafel v. U.S. Postal Serv., No.

---

[2] Kornafel's timely appeal of the denial of a motion for reconsideration "brings up the underlying judgment for review."  McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992).  For the reasons stated below, we find no error in the District Court's dismissal or its denial of the motion for reconsideration.

3

99-6416, 2000 WL 116072, at *2 (E.D. Pa. January 31, 2000). As the dismissed claims are essentially the same as the ones Kornafel attempts to bring now, they are res judicata.

In any event, it is clear on the face of the complaint that the statute of limitations has run, as the District Court correctly determined.[3] Kornafel brought his claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[4] The most analogous state statute of limitations for claims like Kornafel's is two years. 42 Pa. Cons. Stat. § 5524(2); Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009); Napier v. Thirty or More Unidentified Fed. Agents, Emps., or Officers, 855 F.2d 1080, 1088 n.3 (3d Cir. 1988) ("[F]or Bivens actions, we must look to the most analogous state statute of limitations."). The accident occurred in 1992, with settlement offers being negotiated as recently as 1995. Because all challenged conduct (including the litigation between 1994 and 2000, see supra note 1) occurred well outside the two-year limitations period, and because no continuing violations of federal law are alleged, this suit was untimely.

---

[3] If it is obvious from the face of the complaint that a claim is barred by the applicable statute of limitations, a federal court may dismiss the claim sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii). See Jones v. Bock, 549 U.S. 199, 215 (2007); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

[4] In his complaint, Kornafel indicated that his claims were brought under 42 U.S.C. § 1983. They are more properly classified as Bivens claims because they are against federal actors. The statute of limitations is the same. Napier, 855 F.2d at 1088 n.3.

Accordingly, because this appeal presents no substantial question, we will affirm

the judgment of the District Court.[5]  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[5] The District Court also properly denied Kornafel's motion to recuse.  He pointed to no evidence suggesting the judge's impartiality should be questioned, and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).  Finally, under the circumstances of this case, the District Court need not have offered Kornafel leave to amend his complaint.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).