**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3443
_____

HECTOR L. HUERTAS,
                                        Appellant

v.

FOULKE MANAGEMENT CORP.;
CHERRY HILL MITSUBISHI; ANTHONY TRAPANI;
CHERRY HILL TRIPLEX; DAVID MICHAEL SCIOLLA
INSURANCE; CAPITAL ONE, N.A., d/b/a Capital One Auto
Finance; CAPITAL ONE FINANCIAL CORP.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-01891)
District Judge:  Honorable Renée M. Bumb

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2021
Before:  KRAUSE, BIBAS and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 3, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Hector Huertas appeals from the District Court's orders granting summary judgment in favor of Capital One, N.A. (d/b/a Capital One Auto Finance) ("Capital One") on his claims for a violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., and for fraud, and denying his motion for reconsideration. For the reasons that follow, we will affirm.

Huertas obtained financing from the Cherry Hill Mitsubishi dealership, operated by Foulke Management Corporation (Foulke), to purchase a used vehicle. To complete the sale, he executed both a Retail Installment Sales Contract (RISC), which was subsequently assigned to Capital One, and a Motor Vehicle Retail Order Agreement. The latter detailed processing fees including an $8.95 "On Line Registration" fee," a $161.50 "Estimated Motor Vehicle Fee," and a $299.00 "Documentary Service Fee." Huertas brought suit against Capital One,[1] alleging that it violated TILA because the RISC included the total processing fees – $469.45 – in the "amount financed" rather than designating it as a "finance charge." Huertas maintained that, as a result, the interest rate disclosed on the RISC was inaccurate. He also claimed that Capital One was liable for fraud because the inclusion of the processing fees in the "amount financed" was part of a "bait and switch scheme" to entice him to execute the agreement.

---

[1] Huertas initially sued Foulke and Capital One for violations of various state and federal consumer protection statutes. The District Court granted Foulke's motion to compel arbitration. In May 2020, the Arbitrator issued a final decision in favor of Foulke on all claims. Huertas was permitted to file an amended complaint alleging the claims at issue here.

After protracted discovery, the parties cross-moved for summary judgment. The District Court concluded that the processing fees were not a finance charge and were properly included in the "amount financed," and that there was no evidence of fraud. It therefore denied Huertas's motion for summary judgment and granted summary judgment in favor of Capital One. Huertas timely filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), which the District Court denied. This appeal ensued.

We have appellate jurisdiction under 28 U.S.C. § 1291. Because Huertas's timely appeal from the denial of his timely motion for reconsideration "brings up the underlying judgment for review," we will review the District Court's summary judgment order as well as its order denying the motion for reconsideration. See McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992). We exercise plenary review over a grant of summary judgment. See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). We review the District Court's denial of a motion for reconsideration for abuse of discretion. Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).[2]

---

[2] We will not consider Huertas's arguments that were not presented to the District Court. See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011) (noting that arguments not raised in the district court generally will not be considered for the first time on appeal). And, like the District Court, we will not address Huertas's arguments regarding

We agree with the District Court that Capital One was entitled to summary judgment. Pursuant to 15 U.S.C. § 1638(a) and Regulation Z, 12 C.F.R. § 226.17(a)(1), the RISC was required to disclose, inter alia, the annual percentage rate (APR), the amount financed, and the finance charge. The "finance charge" is "the sum of all charges . . . imposed . . . as an incident to the extension of credit," and does not include charges "payable in a comparable cash transaction." 15 U.S.C. § 1605(a). The record makes clear that the processing fees were charged by the dealership in every transaction, whether the purchase of the vehicle was financed by credit or paid for with cash. See ECF No. 120-7 at 2-3. Accordingly, the processing fees were not incident to the extension of credit and thus were not finance charges. The District Court therefore properly concluded that there was no TILA violation, nor was there evidence of fraud. See Alston v. Crown Auto, Inc., 224 F.3d 332, 334 (4th Cir. 2000) (per curiam).

Finally, contrary to Huertas's contention on appeal, the District Court did not disregard his claim that there was a discrepancy between the APR disclosed in the RISC and the actual APR, in violation of 15 U.S.C. § 1631(d).[3] The District Court determined

---

issues that were resolved by the Arbitrator. Huertas separately filed a motion to vacate the arbitration award, which was denied by the District Court. See also Roadway Package Sys., Inc. v. Kayser, 257 F.3d 287, 291 n.2 (3d Cir. 2001) (noting the limited bases on which a court may vacate an arbitration award).

[3] Capital One argues, correctly, that this claim was not asserted in the amended complaint. Huertas raised it for the first time in his summary judgment brief and Capital One responded in opposition. See ECF Nos. 119 at 9-10, 123 at 12-13, 126 at 6-8. Under these circumstances, the District Court properly considered it. See generally Sola v. Lafayette Coll., 804 F.2d 40, 45 (3d Cir. 1986).

4

that the APR was properly calculated – a finding which Huertas does not challenge on appeal – and that there was no TILA violation. See ECF No. 130 at 6-7.

Based on the foregoing, the District Court properly granted Capital One's, and denied Huertas's, motion for summary judgment. It also properly denied Huertas's Rule 59(e) motion as he failed to present arguments which are a proper basis for reconsideration. See Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (noting that a motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence" (citation omitted)). Accordingly, we will affirm the District Court's judgment.