CLD-237                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1138
_____

CRAIG KINARD,
                                                    Appellant

v.

SECURITY LIEUTENANT  BAKOS; THOMPSON, CORRECTIONAL OFFICER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-13-cv-00260)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 24, 2014

Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 5, 2014)
_____

OPINION
_____

PER CURIAM

        Craig Kinard, proceeding pro se and in forma pauperis, appeals from the District

Court's orders dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and

denying his motion to alter or amend the judgment. For the reasons set forth below, we will summarily affirm.[1]

## I.

Craig Kinard, a Pennsylvania prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging that on March 19, 2013, two correctional officers (the named defendants) engaged in a contraband search of his cell. Kinard was handcuffed and stood outside the cell during the search. He observed Defendant Thompson open an envelope labeled "legal mail confidential" and read the enclosed materials. Defendant Thompson then summoned Defendant Bakos, who allegedly also read the materials in the envelope designated as legal mail. These materials allegedly pertained to a separate § 1983 suit in which Defendant Bakos was also named as a defendant. After he had read the legal materials, Defendant Bakos allegedly said to another correctional officer, "That Kinard knows about the camera footage, it's all in his proof and evidence pages." Kinard alleged that these events violated his right under the Fourth Amendment of the United States Constitution to be free from unreasonable searches. The Magistrate Judge recommended that Kinard's complaint be dismissed with prejudice, and the District Court adopted the Magistrate Judge's report and recommendation. Kinard then moved under Federal Rule

---

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. 3d Cir. LAR 27.4; I.O.P. 10.6. We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

of Civil Procedure 59(e) to alter or amend the judgment. The District Court denied the motion, and Kinard timely appealed.

## II.

We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because Kinard's timely appeal from the denial of his motion for reconsideration "brings up the underlying judgment for review," McAlister v. Sentry Ins. Co., 958 F.2d 550, 552–53 (3d Cir. 1992), we will review the District Court's dismissal of Kinard's complaint, as well as its denial of his motion for reconsideration. We review the denial of a motion for reconsideration for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah, 229 F.3d at 223. Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). The standard requires a two-part analysis. First, we separate the complaint's factual allegations from its legal conclusions. Having done that, we take only the factual allegations as true and determine whether the plaintiff has alleged a plausible claim for relief. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

3

Upon review, we conclude that the District Court properly determined that Kinard failed to state a Fourth Amendment claim. The Supreme Court of the United States has stated unequivocally that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." Hudson v. Palmer, 468 U.S. 517, 526 (1984). The search that gave rise to Kinard's lawsuit was therefore not protected by the Fourth Amendment.

In addition to failing to constitute a viable Fourth Amendment claim, the facts alleged his complaint cannot support any other cause of action. We agree with the Magistrate Judge that a search could be so intrusive as to violate an inmate's Eighth Amendment right to be free from cruel and unusual punishment, or that an ongoing practice of opening and reading inmates' legal mail could present a First Amendment issue. See id. at 530 (stating that the Eighth Amendment prevents prison attendants from "rid[ing] roughshod over inmates' property rights with impunity."); Jones v. Brown, 461 F.3d 353, 355 (3d Cir. 2006) (holding that state prisoners have an interest protected by the First Amendment in being present when their incoming legal mail is opened). Neither of those situations is present in the instant case. Nor can Kinard show that his access to the courts has been hampered, because a viable claim of that type requires an inmate to demonstrate that he was actually injured. See Lewis v. Casey, 518 U.S. 343,

349 (1996). The rule that an actual injury must be shown applies when a claim regarding access to the courts is grounded on a prison's alleged interference with legal mail. See Oliver v. Fauver, 118 F.3d 175, 178 (3d Cir. 1997). A plaintiff can demonstrate actual injury by alleging that the defendants' actions resulted in the "loss or rejection of a legal claim." Id. at 177. As Kinard has not pleaded facts that would give rise to any of the aforementioned claims, the dismissal of his complaint for failure to state a claim was proper.

Finally, we agree with the District Court's denial of Kinard's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which we review for abuse of discretion. A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis, 591 F.3d at 669. Kinard did not identify any of these factors; instead, he merely reiterated his previous argument. Accordingly, we discern no abuse of discretion in the District Court's denial of Kinard's motion.

### III.

There being no substantial question presented on appeal, we will summarily affirm.