**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4205
_____

ZACHARY SPADA,
                                        Appellant

v.

DR. EDGAR ALFREDO MARTINEZ, M.D.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-13-cv-00113)
Magistrate Judge: Honorable Keith A. Pesto (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 12, 2014
Before:  CHAGARES, KRAUSE and SLOVITER, Circuit Judges

(Opinion filed: August 18, 2014)
_____

OPINION
_____

PER CURIAM

        Zachary Spada, proceeding pro se and in forma pauperis, appeals from the order of

the Magistrate Judge, proceeding by consent, that denied his motion to alter or amend an

order dismissing his 42 U.S.C. § 1983 civil action for failure to state a claim.  For the

foregoing reasons, we will vacate and remand for further proceedings.

1

I.

In his complaint, Spada claimed that while he was confined in the Mental Health Unit ("MHU") at State Correctional Institute – Graterford ("SCI-Graterford"), Dr. Edgar Alfredo Martinez, who was in charge of Spada's medical care, ignored his dystonic reaction to medication, which resulted in damage to his teeth. This incident occurred around December 2011 and January 2012. Spada alleged that SCI-Graterford staff refused to provide him with grievance forms.

In February 2012, Spada was transferred to State Correctional Institute – Houtzdale ("SCI-Houtzdale"). On May 14, 2013, Spada submitted a grievance form to the Facility Grievance Coordinator at SCI-Houtzdale. Spada wrote on the grievance form: "On or about December 2011- January 2012 I was denied proper medical care at SCI-Graterford. They denied me Cogentin while I was having an Acute Distonic [sic] Reaction to IM Haldol. It damaged my teeth and I want them fixed." Def. Mot. to Dismiss, Ex. A, p.2 of 8 (ECF No. 19-1 Aug. 9, 2013). The Facility Grievance Coordinator rejected Spada's grievance because it did not comply with prison grievance procedures then in effect. See DC-ADM 804, § I.A.14 (effective Dec. 8, 2010) (mandating that prisoner grievances be filed within 15 working days of the complained of event); DC-ADM 804, § I.A.15 (effective Dec. 8, 2010) (requiring that grievances be filed at the facility where the event occurred).[1] Spada appealed the rejection of his grievance on May 20, 2013.

---

[1] The grievance regulations in force during the period pertinent to Spada's claims allowed for waiver only in three circumstances not relevant to his case. Those regulations have

While that appeal was pending, Spada filed his original complaint in the District Court on June 1, 2013. On June 12, 2013, the Superintendent at SCI-Houtzdale concluded that the Facility Grievance Coordinator properly rejected Spada's grievance because it did not offer for review a "timely date or specific event occurring at SCI-Houtzdale." Def. Mot. to Dismiss, Ex. A, p.5 of 8. Spada submitted a final appeal on June 27, 2013, which was denied on July 29, 2013.

Meanwhile, Spada filed an amended complaint on July 26, 2013. Therein, Spada revised details of his allegations and described his attempts to exhaust his administrative remedies after his transfer to SCI-Houtzdale. Dr. Martinez filed a motion to dismiss, arguing that Spada's claims were unexhausted and procedurally defaulted. See Fed. R. Civ. P. 12(b)(6). In particular, Dr. Martinez contended that Spada's grievance was untimely filed, was submitted to the wrong facility, and did not name Dr. Martinez. In opposition, Spada argued, inter alia, that his complaint should not be dismissed for failure to exhaust because SCI-Graterford staff refused to provide him with a grievance form, thereby rendering the grievance process unavailable.

The parties agreed to proceed before a Magistrate Judge, who granted Dr. Martinez's motion and dismissed the complaint pursuant to Rule 12(b)(6). The Magistrate Judge first determined that dismissal was appropriate because the complaint was prematurely filed. The Magistrate Judge noted that Spada filed his complaint on

since been amended to give the Facility Grievance Coordinator full discretion to extend the time to file a grievance. See DC-ADM 804, § I.B.2.a-e (effective May 1, 2014) (permitting a time extension for filing a grievance for enumerated reasons and "any other reason the Facility Grievance Coordinator deems appropriate").

June 1, 2013, prior to submitting his final appeal in the grievance process on June 27, 2013. The Magistrate Judge determined that dismissal was also appropriate because Spada's grievance lacked specificity. On his grievance form Spada wrote only that "they" denied him proper medical care. Pennsylvania Department of Corrections regulations mandate that inmate grievances identify the individuals involved. DC-ADM 804, § I.A.11 (effective Dec. 8, 2010). Thus, the Magistrate Judge concluded that the omission of Dr. Martinez's name in the grievance resulted in a procedural default. The Magistrate Judge reasoned that in light of the "premature filing" and failure to identify Dr. Martinez in the grievance, it was unnecessary to review Spada's argument that SCI-Graterford staff prevented him from timely filing a grievance.

Spada filed a timely motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. In that motion, Spada argued that Dr. Martinez failed to establish that his claims were unexhausted and procedurally defaulted because he had alleged that SCI-Graterford staff withheld grievance forms. The Magistrate Judge found no basis to alter the judgment and denied Spada's motion. Spada timely appealed.[2]

## II.

Dr. Martinez argues that Spada was required to properly "exhaust" his administrative remedies despite SCI-Graterford officials withholding grievance forms

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Spada's appeal of the denial of his motion for reconsideration "brings up the underlying judgment for review." McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992). We exercise plenary review over the District Court's order dismissing the complaint under Rule 12(b)(6). McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009). We review the denial of a motion for reconsideration for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

4

during the 15-day filing period. However, we conclude that the withholding of the grievance forms, if established, would have rendered the grievance process permanently unavailable to Spada under the regulations then in effect. Therefore, we will vacate the Magistrate Judge's dismissal of Spada's complaint and remand for further proceedings.

The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Proper exhaustion of administrative remedies is necessary" to satisfy the PLRA's exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006); see also Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004) (holding that the PLRA's exhaustion requirement contains a procedural default component). Dr. Martinez contends that the Magistrate Judge correctly concluded that Spada's claims were procedurally defaulted because he initiated his civil action prior to completion of the grievance process, see Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002) (holding that under the PLRA an inmate must exhaust available remedies *prior* to filing suit), and because his grievance failed to name Dr. Martinez, see DC ADM-804, § I.A.11 (2010).

However, if a prison official thwarts a prisoner's ability to exhaust his administrative remedies, those remedies are not considered available within the meaning of § 1997e. See Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002). Spada alleged in his amended complaint that SCI-Graterford officials denied his request for a grievance form for at least 15 days after the incident occurred, causing his grievance to become time-

5

barred.  See DC-ADM 804, § I.A.14 (2010); see also Spruill, 372 F.3d at 234.  The availability of administrative remedies is a question of law.  See Brown, 312 F.3d at 113. Taking as true Spada's allegation that SCI-Graterford officials withheld grievance forms for the duration of the 15-day period following the incident, see McTernan, 577 F.3d at 526, and given the regulations then in effect, we must conclude that the grievance process was unavailable to Spada within the meaning of § 1997e.  See, e.g., Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003); Brown, 312 F.3d at 113.

The Magistrate Judge did not review whether the grievance process was available to Spada during the 15-day period following the incident.  Dr. Martinez argues that such review was not necessary because Spada's complaint was "prematurely filed" and he failed to specifically identify Dr. Martinez on the grievance form.  Undeniably, Spada's grievance suffers from procedural deficiencies: it was untimely, see DC-ADM 804, § I.A.14 (2010); it was submitted to officials at SCI-Houtzdale despite alleging an incident that occurred at SCI-Graterford, see DC-ADM 804, § 1.A.15 (2010); and Dr. Martinez was not explicitly identified, see DC-ADM 804, § 1.A.11 (2010).  But those deficiencies have no bearing on whether the grievance process was available to Spada when he needed it to be.

Dr. Martinez argues that the Magistrate Judge did not need to consider whether SCI-Graterford officials rendered the grievance process unavailable because Spada eventually gained access to the grievance forms and conceivably could have properly exhausted his administrative remedies with the filing of his untimely grievance.  As Dr.

6

Martinez notes, "the exhaustion requirement of the PLRA is satisfied by an untimely filing of a grievance if it is accepted and decided on the merits by the appropriate prison authority." Hill v. Curcione, 657 F.3d 116, 125 (2d Cir. 2011); see also Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000). Here, however, contrary to Dr. Martinez's assertion, Spada's 2013 grievance was neither accepted nor decided on the merits. Cf. Camp, 219 F.3d at 281; see also Riccardo v. Rausch, 375 F.3d 521, 524 (7th Cir. 2004) ("[W]hen a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action.").

Dr. Martinez also contends that even if the grievance process was unavailable during the 15-day filing period, Spada was required to exhaust his administrative remedies once he had access to grievance forms. But Dr. Martinez has provided no basis for concluding that Spada's untimely grievance would have been accepted and resolved on the merits. Notably, there was no requirement that Spada utilize the grievance process after the 15-day period expired, which is the foundation of Dr. Martinez's position. See, e.g., Small v. Camden Cnty., 728 F.3d 265, 273 (3d Cir. 2013) (holding that an administrative remedy was made unavailable after correctional officers did not respond to a grievance and there was no regulation addressing such a situation). To be sure, some courts have held that in certain circumstances a prisoner is required to attempt exhaustion of a grievance even when that attempt would be untimely. See Bryant v. Rich, 530 F.3d 1368, 1378-79 (11th Cir. 2008). However, in those cases a prisoner is generally required

to submit a grievance that would otherwise be untimely only if the time limits may be waived. See, e.g., id. (holding that a prisoner failed to exhaust his administrative remedies when he did not utilize grievance procedures that permitted waiver of the time limit for "good cause"). In Pennsylvania, however, the grievance regulations that were in effect during the relevant period permitted an extension of the time limit only if "the reason for the delay in filing" was caused by temporary or permanent transfers, an "Authorized Temporary Absence," or mail-related delays. DC-ADM 804, § I.B.3.a-d (effective Dec. 8, 2010). Those grievance regulations, in other words, included no provision allowing for a discretionary waiver of the 15-day time limit for good cause shown, for example, the prison staff's withholding of grievance forms.[3] Consequently, Spada did not have to file an untimely grievance prior to proceeding with a civil complaint. See, e.g., Brown, 312 F.3d at 111-12.

Spada was not required to engage a process that was unavailable to him, see id. at 111-13, and his later attempt to unsuccessfully use that process does not bar him from bringing suit. Denying Spada federal review of his complaint for failure to exhaust under these circumstances would not further the purpose of the PLRA's exhaustion requirement, which is to "allow[] prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v.

---

[3] The fact that a discretionary waiver of the 15-day time limit was unavailable to Spada under the now-superseded regulations is integral to our conclusion that he was not required to file an untimely grievance. We offer no opinion as to whether, under the current regulations, a prisoner who initially was denied a grievance form, and therefore was unable to file timely, is required to file an untimely grievance, seek a discretionary extension, and exhaust administrative remedies. Cf. Bryant, 530 F.3d at 1378-79.

8

Bock, 549 U.S. 199, 204 (2007).  In sum, a factual question exists concerning whether SCI-Graterford officials refused to provide Spada with grievance forms, thereby rendering the grievance process unavailable to him within the meaning of § 1997e.  Thus, the Magistrate Judge erred in dismissing his complaint.

### III.

For the foregoing reasons, we will vacate the October 9, 2013 and October 16, 2013 orders of the Magistrate Judge sitting by consent and remand for further proceedings.  Spada's motion to suppress a copy of his original complaint is denied because that complaint is part of the District Court record.