**ALD-426**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3204
_____

ZACHARY SPADA,
                                        Appellant

v.

DR. EDGAR ALFREDO MARTINEZ, M.D.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 13-cv-00113)
Magistrate Judge: Keith A. Pesto
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2016

Before:    AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: October 11, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Zachary Spada appeals from an order of the Magistrate Judge granting judgment to the defendant on the ground that he (Spada) failed to exhaust his administrative remedies.[1]  For the reasons that follow, we will summarily affirm.

Spada, an inmate currently housed at the State Correctional Institution at Houtzdale ("SCI-Houtzdale"), filed a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the Western District of Pennsylvania against Dr. Edgar Martinez, the Director of the Mental Health Unit ("MHU") at the State Correctional Institution at Graterford ("SCI-Graterford").  Spada alleged that Dr. Martinez was deliberately indifferent to his serious medical needs in December 2011.  He alleged that Martinez was treating him with Haldol, an anti-psychotic medication, but refused to give him Cogentin when the Haldol caused him to suffer a "dystonic" reaction.  Martinez moved to dismiss Spada's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), contending that Spada had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).  Martinez argued that, although Spada filed a grievance at SCI-Houtzdale, it was neither accepted nor decided on the merits.[2]  Spada argued in opposition that his complaint should not be dismissed for failure to exhaust because prison officials at SCI-Graterford

---

[1] The parties consented to jurisdiction by a United States magistrate judge, see 28 U.S.C. § 636(c)(1).

[2] Approximately four months after the incident, Spada submitted a grievance at SCI-Houtzdale.  The grievance coordinator at SCI-Houtzdale rejected the grievance for procedural deficiencies, including that Spada had failed to submit it within 15 days of the incident.  DC-ADM 804, which governs grievance procedures in Pennsylvania prisons, provides that "[t]he inmate must submit a grievance to the Facility Grievance Coordinator/designee within 15 working days after the event upon which the claim is based."

denied his numerous requests for a grievance form for at least 15 days after the incident occurred, causing his grievance to become time-barred under the grievance regulations.

The Magistrate Judge dismissed the amended complaint for failure to exhaust administrative remedies, and Spada appealed. We reversed and remanded, holding that a factual question existed concerning whether SCI-Graterford officials refused to provide Spada with grievance forms, thereby rendering the grievance process unavailable to him within the meaning of § 1997e(a). See Spada v. Martinez, 579 F. App'x 82, 86 (3d Cir. 2014). We specifically noted that the "Magistrate Judge did not review whether the grievance process was available to Spada during the 15-day period following the incident." Id. at 85.

On remand, the parties each moved for summary judgment, Fed. R. Civ. P. 56(a). The Magistrate Judge denied the motions as inconsistent with our instructions on remand, and scheduled a bench trial on the factual question whether SCI-Graterford officials refused to provide Spada with grievance forms. The Magistrate Judge convened the trial on June 27, 2016. Spada testified on his own behalf but called no witnesses. Martinez testified for the defense, as did James Houston, current MHU Director at SCI-Graterford, via video-conference. After the trial, the Magistrate Judge made findings of fact and, in an order entered on June 28, 2016, granted judgment to Martinez on the ground that Spada failed to exhaust his administrative remedies.

Spada appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted Spada leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third

3

Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We will summarily affirm the judgment of the Magistrate Judge because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging unconstitutional conduct by prison officials "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 84 (2006). Section 1997e(a) contains a procedural default component, meaning that an inmate is expected to comply with the procedural rules governing grievances. Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004). See also Small v. Camden County, 728 F.3d 265, 272 (3d Cir. 2013). However, if a prison official thwarts a prisoner's ability to exhaust his administrative remedies, those remedies are not considered available within the meaning of § 1997e(a). See Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002). Although the availability of administrative remedies is a question of law, id. at 111, "it necessarily involves a factual inquiry," Small, 728 F.3d at 271. Judges may resolve factual disputes relating to the exhaustion of administrative remedies without the participation of a jury. Id.

After considering the testimony and the record, the Magistrate Judge found that, due to numerous inconsistencies and unsupported allegations of a vast conspiracy, Spada had not presented a credible case that he asked for but was denied grievance forms during the relevant time period. The Magistrate Judge found that Spada was aware of the need to timely pursue his grievance, and credited the testimony of Martinez that, from

4

December 22 through December 27, 2011, Spada had a "level 3" classification, that as a "level 3" inmate he was allowed to possess both a "flex pen" and grievance papers in his cell, and that grievance forms were near or at the nurse's station, and thus freely available. Because, as a matter of fact, no employee or agent of SCI-Graterford obstructed Spada's filing of a grievance, the Magistrate Judge concluded as a matter of law that administrative remedies were available to Spada at SCI-Graterford and that he could have, but failed to, properly pursue his grievance at that institution.

Spada did not move for judgment as a matter of law, see Fed. R. Civ. P. 50. If a party fails to move for judgment as a matter of law at the close of all of the evidence, the party waives the right to mount any post-trial attack on the sufficiency of the evidence. See Yohannon v. Keene Corp., 924 F.2d 1255, 1262 (3d Cir. 1991). Spada also did not move for a new trial after the judgment was announced, see Fed. R. Civ. P. 59(a). Insofar as the fact-finder "has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in evidence, and reaching ultimate conclusions of fact," Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F.3d 955, 959 (10th Cir. 2002) (internal quotation marks omitted), we conclude that the Magistrate Judge properly ordered judgment in favor of Martinez and against Spada, in accordance with his findings of fact and credibility determinations. Judgment in favor of Martinez on the ground that Spada procedurally defaulted his available administrative remedies was proper because Spada did not substantially comply with the prison grievance process, resulting in the rejection of his grievance not on the merits but as untimely filed, see Woodford, 548 U.S. at 90

5

("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."). See also Spruill, 372 F.3d at 231 (same).

For the foregoing reasons, we will summarily affirm the order of the Magistrate Judge granting judgment to Martinez on the ground that Spada failed to exhaust his administrative remedies.