**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 21-3298
_____

JAMES E. NOTTINGHAM,
                                    Appellant

v.

ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-00396)
District Judge: Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2022
Before: McKee, Greenaway, Jr. and Porter, Circuit Judges

(Filed: July 27, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant James Nottingham, an inmate proceeding pro se and in forma pauperis, appeals from the order dismissing his complaint. For the reasons that follow, we will summarily affirm the District Court's judgment.

I

In the operative amended complaint, Nottingham, proceeding in forma pauperis, sued the Attorney General of Pennsylvania, Josh Shapiro, pursuant to 42 U.S.C. § 1983. Nottingham, who is currently incarcerated at State Correctional Institute Camp Hill, alleged police, prosecutorial, and judicial misconduct that spanned his approximately thirty-two years of contact with the criminal justice system.[1] Nottingham also filed numerous motions, requesting, inter alia, default judgment in his favor, judgment on the claimed bases of lack of subject matter jurisdiction and fraud, and leave to amend and supplement his complaint.

A Magistrate Judge disallowed amendment of the complaint and deemed many of Nottingham's additional motions withdrawn because of failure to comply with local rules. Screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge also recommended that the complaint be dismissed with prejudice. Nottingham filed objections and a motion for appointment of counsel. The District Court denied the counsel motion and several other then-pending motions and adopted the Magistrate

---

[1] Nottingham previously challenged his present incarceration, filing an unsuccessful civil rights action and an unsuccessful habeas petition. See Nottingham v. PA Attorney General, M.D. Pa. No. 4:18-cv-02002; Nottingham v. Harry, et al., M.D. Pa. No. 4:19-cv-00595. He sought to distinguish his present lawsuit by alleging a pattern of misconduct that spanned several decades.

2

Judge's report and recommendation over Nottingham's objections, including those that the District Court construed as appeals from the Magistrate Judge's decisions on interlocutory orders. Nottingham filed two additional motions, one seeking "a public writing and congressional investigation into the wrongdoing of this case," and one, titled "judgment: fraud upon the court," invoking Rules 59 and 60 of the Federal Rules of Civil Procedure. The District Court denied both motions. Nottingham timely appealed, specifying the order denying his post-judgment motions.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Nottingham's appeal from the order denying his motion for reconsideration "brings up the underlying judgment for review," we will review the District Court's order dismissing the complaint as well as its order denying the post-judgment motions.[2] See McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992). We exercise plenary review over a sua sponte dismissal of a complaint under § 1915(e). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). To avoid dismissal, "a complaint must contain sufficient factual matter,

---

[2] The District Court primarily considered the motion under Rule 60(b), on which Nottingham certainly relied. However, because a pro se pleading "will be judged by its substance rather than according to its form or label," Lewis v. Att'y Gen., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (citation omitted), Nottingham's motion may be fairly construed as one for reconsideration under Rule 59(e) as well as for relief under Rule 60(b), cf. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (reasoning that pro se filings should be construed liberally). We note additionally that because Nottingham's motion seeking relief under Rules 59 and 60 was timely, it tolled the time to appeal and renders the appeal timely as to the underlying dismissal order. See Fed. R. App. P. 4(a)(4)(A)(iv).

accepted as true, to state a claim to relief that is plausible on its face." Talley v. Wetzel, 15 F.4th 275, 286 n. 7 (3d Cir. 2021) (cleaned up). "When assessing the complaint, we are mindful of our obligation to liberally construe a pro se litigant's pleadings." Id. (cleaned up). We review the District Court's order denying the motion under Rule 59(e) and Rule 60(b) for abuse of discretion. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). We may summarily affirm if the appeal does not present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

III

We agree with the District Court that Nottingham's complaint was insufficient to state a civil-rights claim against the Attorney General. As noted in the District Court, the Attorney General "does not supervise and oversee the work of local county prosecutors, local police, state police, or judges," ECF No. 49 at 11 (footnotes omitted), and Nottingham has not otherwise sufficiently alleged that Shapiro was personally involved in any of the decisions made by the various actors involved in Nottingham's repeated interactions with the criminal justice system. See Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) ("To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."); Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (explaining that a civil rights complaint must allege facts identifying the

4

"conduct, time, place, and persons responsible"); <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that plaintiff cannot rely solely on respondeat superior as a theory of liability).

In light of these considerations, and for the reasons otherwise given by the District Court, the District Court properly dismissed the amended complaint. Because the District Court already provided leave to amend once and further amendment would be futile, it did not err in declining to grant further leave to amend. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002). And, having concluded that Nottingham's claims lacked merit, the District Court did not abuse its discretion in declining to appoint counsel.[3] <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 153, 155 (3d Cir. 1993).

We also conclude that the District Court did not abuse its discretion in denying Nottingham's requests for relief under Rule 59(e) and Rule 60 because Nottingham did

---

[3] We further conclude that the District Court did not err in denying Nottingham's other motions, for largely the reasons stated by the District Court. Additionally, Nottingham failed to challenge most of the motions denied by the Magistrate Judge. It is well established that a District Court may refer certain pretrial matters to a Magistrate Judge for disposition, and that any appeal from the Magistrate Judge's order is to the District Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). "As a general rule, we do not consider on appeal issues that were not raised before the district court in the absence of exceptional circumstances." <u>Cont'l Cas. Co. v. Dominick D'Andrea, Inc.</u>, 150 F.3d 245, 251 (3d Cir. 1998). In the District Court, Nottingham only challenged the Magistrate Judge's determination that his various motions were deemed withdrawn under M.D. Pa. Local Rule 7.5 after he did not timely file briefs in support of his motions. We discern no error in the determination that the challenged motions were considered withdrawn pursuant to this rule. <u>See</u> <u>United States v. Eleven Vehicles</u>, 200 F.3d 203, 214 (3d Cir. 2000). Nottingham points to no exceptional circumstances with respect to the other, unchallenged denials; accordingly, we decline to review them. <u>See</u> <u>Cont'l Cas. Co.</u>, 150 F.3d at 251.

not present a basis to alter or amend or set aside the judgment.[4]  See generally Lazaridis

v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam); Budget Blinds, Inc., 536 F.3d

at 255.  And the District Court did not err in declining to order a "public writing" or a

Congressional investigation.

Accordingly, because this appeal does not present a substantial question, we will

summarily affirm the District Court's judgment.[5]

---

[4] Nottingham appears to have based his motions on a challenge to the validity of a search warrant seemingly issued several years ago.

[5] We deny the several motions that Nottingham has filed on appeal, including his requests that we summarily rule in his favor and/or remand the case to the District Court. Although Nottingham's filings are not entirely clear, he appears to raise several arguments related to the service of process and/or the Defendant's failure to respond to his complaint and motions with the District Court and on appeal.  In relation to those arguments, we note that the District Court was authorized to screen the complaint prior to service of process.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.