**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3177
_____

UNITED STATES OF AMERICA

v.

KHALIL SHELTON,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:17-cr-00260-001)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on May 1, 2023

Before: SHWARTZ, BIBAS, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: May 3, 2023)

_____

---

OPINION*

---

PER CURIAM

Pro se appellant Khalil Shelton appeals from the District Court's orders denying certain motions concerning custody credit toward his federal sentence. We will affirm the District Court's denial of the motions.

As background, we vacated Shelton's conviction and sentence for controlled substance, robbery, and firearms offenses on a joint motion of Shelton and the Government, and the matter was remanded to the District Court for an evidentiary hearing on Shelton's motion to suppress. See C.A. No. 18-3215 (order entered April 16, 2019). The District Court held a hearing and denied the motion. Shelton then agreed to enter a guilty plea to a firearms offense under 18 U.S.C. §924(c)(1)(A)(i), and the District Court imposed a sentence of 72 months in prison plus five years of supervised release. It did not run the federal sentence concurrent to a state sentence that Shelton was already serving. After federal sentencing, Sheldon was returned to state custody to continue serving his state sentence. Shelton did not appeal his federal conviction and sentence.

At the conclusion of his state sentence, Shelton commenced his federal sentence on August 22, 2022. While housed at FCI Schuylkill, he filed two motions in the District Court for the Western District of Pennsylvania requesting that the time he spent in custody

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

between August 2017 and September 2022 be credited toward his federal sentence. See ECF Nos. 393, 395. The District Court denied those motions because challenges to the execution of a sentence must be brought via a habeas corpus petition under 28 U.S.C. § 2241 in the district in which he resided. See D. Ct. Mem. Or. at 3 n.2 (ECF No. 399) (noting that FCI-Schuylkill is located in the Middle District of Pennsylvania). The Court further acknowledged that the Bureau of Prisons (BOP) determines whether a district court has designated a federal sentence to run concurrently or consecutively with a non-federal sentence, see Setser v. United States, 566 U.S. 231 (2012), and that, in the absence of an express designation, the BOP will construe the silence as an intent to have them run consecutively. D. Ct. Mem. Or. at 4 n.3. Shelton's subsequent filing, styled as a motion under Federal Rule of Civil Procedure 59(e), requested that the District Court run his sentence concurrently with his state sentence. See ECF No. 403. The District Court denied that motion for reasons contained in its prior order. See ECF No. 404. Shelton filed a timely appeal of the District Court's last order.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Because Shelton's appeal from the denial of his timely post-judgment motion "brings up the underlying judgment for review," we will review both the District Court's order denying the first round of motions and its order denying the motion for reconsideration. See McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992). We review de novo the dismissal of Shelton's original motion, which the District Court construed as a § 2241 petition. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

3

We discern no error by the District Court when it denied Shelton's motions. First, the District Court properly declined to consider his request for custody credit, because the request constituted a challenge to the execution of his sentence. "A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241." Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). Here, as the District Court explained, Shelton resided in the Middle District of Pennsylvania, not the Western District, and a § 2241 motion must be brought in the district where an inmate is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).[1]

Likewise, the District Court correctly denied Shelton's motion to alter judgment under Rule 59(e). Shelton failed to show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued judgment]; [and/]or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). None of Shelton's arguments provided grounds under that rule (or Rule 60(b) for that matter) for the District Court to diverge from its previous judgment denying relief, where Shelton clearly wanted to challenge the execution of his sentence.[2]

---

[1] Shelton did not demonstrate that he exhausted his administrative remedies prior to his filing in the federal court, and thus, the District Court appropriately did not transfer the petition to the Middle District. Our ruling is without prejudice to Shelton's filing a § 2241 petition in the district of his confinement. See Anariba v. Dir. Hudson Cty. Corr. Ctr., 17 F.4th 434, 444 (3d Cir. 2021).

[2] Insofar as he requested that his sentence be run concurrently with his already-concluded state sentence, the District Court did not abuse its discretion by deciding that the request comprised a challenge to the execution of his sentence which must be considered in a § 2241 petition. See D. Ct. Order, ECF No. 404 (text order relying on reasons set forth in

Accordingly, we will affirm the orders of the District Court.

prior order at ECF No. 399). Finally, to the extent that Shelton claims in his appellate brief that the district court's adverse ruling demonstrates judicial bias, we note that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555-56 (1994). Nothing here indicates an exception to that proposition.