**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2990
_____

JOHN DOE 1438,
                              Appellant

v.

THE PENNSYLVANIA STATE UNIVERSITY;
KAREN FELDBAUM, in her individual and official capacity;
FRANCESCO COSTANZO, in his individual and official capacity;
UNKNOWN STAFF OF COUNSELING AND PSYCHOLOGICAL SERVICES AT
PENN STATE, in his or her individual and official capacity
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:19-cv-01438)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed:  May 12, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant, who is proceeding pro se using the pseudonym John Doe, appeals from orders of the United States District Court for the Middle District of Pennsylvania granting the defendants' motions to dismiss, and denying his request for reconsideration, in an action alleging violations of his civil rights while he was a law student at Pennsylvania State University (the University). For the reasons that follow, we will affirm.

I.

Because we write primarily for the parties, who are familiar with the facts, we will not recite them except as necessary to the discussion. Doe came to the United States to study law. While at the University, Doe worked as a research assistant for Professor Judkins Mathews. The relationship between Doe and Professor Mathews soured, however, in part because of a controversy over Doe's creation of a website bearing Professor Mathews' name, "judmathews.com." During this period, Doe voluntarily sought and received counseling from the University's Counseling and Psychological Services (CAPS) to "manage the challenge imposed by [Professor] Matthews." Later, the law school's dean requested that Doe "delete the domain, unpublish the website, and return research materials to [Professor] Mathews." Shortly thereafter, Karen Feldbaum, the Interim Senior Director of the Office of Student Conduct at the University, issued an administrative directive that ordered Doe to have no "contact—either directly or indirectly, in person, electronically, by telephone or any medium, physical or verbal with Professor Jud Mathews." Subsequently, Doe was charged under the University's Student Code of Conduct with violating that directive; the charges stemmed from a series of text messages received by Professor Mathews. Following a hearing before an administrative

2

hearing officer, Francesco Costanzo, at which Doe and Professor Mathews testified, Doe was found responsible for failing to comply with the administrative directive. As a consequence, he was placed on probation and ordered to continue receiving counseling at CAPS. Doe graduated, passed the bar exam, but claimed that his "character and fitness examinations are still ongoing." (ECF 91, at 19.)

Doe's complaint, which he amended twice, raised, inter alia, procedural due process and retaliation claims. (ECF 91.) He named as defendants the University, Feldbaum, Costanzo, and unknown staff at CAPS. Those defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF 92 & 102), which a Magistrate Judge recommended granting. Doe 1438 v. Pennsylvania State Univ., 2022 WL 738549 (M.D. Pa. Jan. 21, 2022). Over Doe's objections, the District Court adopted the Magistrate Judge's Report and Recommendation and granted the defendants' motion to dismiss. (ECF 111.) Doe timely filed a motion for reconsideration (ECF 112), which the District Court denied. Doe 1438 v. Pennsylvania State Univ., 2022 WL 4653687 (M.D. Pa. Sept. 30, 2022). Doe timely appealed. (ECF 122.)

## II.

We have jurisdiction under 28 U.S.C. § 1291. Because Doe's appeal from the denial of his timely post-judgment motion "brings up the underlying judgment for review," we will review both the District Court's order granting the defendants' motion to dismiss and its order denying Doe's motion for reconsideration. See McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992). We review the District Court's grant of a motion to dismiss under Rule 12(b)(6) de novo. See Newark Cab Ass'n v. City

3

of Newark, 901 F.3d 146, 151 (3d Cir. 2018).  "When reviewing a district court's order on a Rule 12(b)(6) motion, we accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'"  Watters v. Bd. of Sch. Dirs. of Scranton, 975 F.3d 406, 412 (3d Cir. 2020) (citation omitted).[1]  We review for abuse of discretion the District Court's order denying Doe's motion for reconsideration.  See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

### III.

Doe challenges the District Court's rejection of his First Amendment retaliation claim.  In his complaint, Doe asserted that the defendants retaliated against him for creating a website in Professor Mathews' name by directing that he not contact Professor Mathews and by requiring that he attend counseling.  To state a prima facie case of First Amendment retaliation, a plaintiff must prove that "(1) he engaged in 'constitutionally protected conduct,' (2) the defendant engaged in 'retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights,' and (3) 'a causal link [existed] between the constitutionally protected conduct and the retaliatory action.'"

---

[1] Absent unusual circumstances not present here, pro se litigants with formal legal training—like Doe—are not afforded liberal construction of their pleadings.  See Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010) (collecting cases); cf. Allen v. Aytch, 535 F.2d 817, 821 n.21 (3d Cir. 1976) ("The rationale of [Haines v. Kerner, 404 U.S. 519 (1972)], that those who have no legal training are entitled to have their pleadings read as liberally as possible, may not apply to a complaint prepared by someone with substantial legal training, even if he was not yet a member of the bar of the district court when the complaint was filed.").

Palardy v. Twp. of Milburn, 906 F.3d 76, 80-81 (3d Cir. 2018) (quoting Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006)). Doe claimed that his "creation of a website on judmathews.com is his valid first amendment exercise." (ECF 91, at 22.) We disagree. Doe did not explain what content was displayed on the website, and his allegations failed to establish that the domain name itself is communicative rather than simply a functional source identifier. See Name.Space, Inc. v. Network Sols., Inc., 202 F.3d 573, 585 (2d Cir. 2000) (explaining that "whether the mix of functionality and expression [in a domain name] is 'sufficiently imbued with the elements of communication' [so as to trigger First Amendment protection] depends on the domain name in question, the intentions of the registrant, the contents of the website, and the technical protocols that govern the [domain name system]" (quoting Spence v. Washington, 418 U.S. 405, 409-10 (1974))). Thus, because Doe's creation of the website was not constitutionally protected conduct, the District Court properly rejected his First Amendment retaliation claim.

IV.

Doe also argues that the District Court improperly dismissed his claim that the defendants violated his procedural due process rights under the Fourteenth Amendment at the hearing, where he was "sanctioned … to go through a year-long mental health treatment."[2] To demonstrate a violation of the right to procedural due process, a litigant must show (1) that the state deprived him of a protected interest in life, liberty, or

---

[2] In his brief, Doe appears to argue that his substantive due process rights were violated. Any such claim has been forfeited, however, because Doe did not raise it in his second amended complaint. See Brown v. Phillip Morris, Inc., 250 F.3d 789, 799 (3d Cir. 2001).

property; and (2) that the deprivation occurred without due process of law.  Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000).  Doe failed to make this showing.

Doe alleged that the defendants deprived him of a liberty interest[3] in his reputation by identifying him in the administrative hearing report as a "criminal" who impersonated other people and as having "knowingly violat[ed] a University directive."  (ECF 91, at 30; ECF 112, at 5.)  "[T]o make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest."  Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006).  As the District Court accurately concluded, even if the defendants publicized the administrative hearing report to Pennsylvania bar examiners, the report was not stigmatizing.  Indeed, it did not label Doe a "criminal," and the report's statement that Doe was found responsible for failing to comply with the no-contact directive was true. Id. (explaining that to satisfy the "stigma" prong of the test, it must be alleged that the purportedly stigmatizing statement was made publicly and was false).  Because Doe failed to show stigma, we need not address whether he satisfied the "plus" element of the "stigma-plus" test or whether the procedures available to him in connection with the hearing provided due process.[4]

---

[3] We agree with the appellees that Doe has forfeited any challenge to the District Court's conclusion that he failed to state a claim for deprivation of a protected *property* interest in his education.  See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

[4] The District Court noted that "Doe adequately alleges that the disciplinary hearing he was afforded would be insufficient under the Due Process Clause, as he alleges that the tribunal was not impartial."  (ECF 111, at 2 n.6.)  But Doe's allegations of impartiality

6

Finally, we conclude that that the District Court did not abuse its discretion in denying Doe's motion for reconsideration because he did not set forth grounds for reconsideration, such as an intervening change in controlling law, new evidence, or a need to correct a clear error of fact or law or prevent manifest injustice. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). There is no merit to Doe's claim that the District Court applied the wrong legal standard in denying his motion for reconsideration. Doe also challenges the District Court's observations about whether Professor Mathews initially encouraged Doe to purchase the domain name and whether Professor Mathews welcomed Doe's expressions of admiration. Those observations, however, were not relevant to the District Court's denial of the motion for reconsideration. Furthermore, the District Court properly declined to consider an affidavit that Doe attached to his reply brief, see Faulkner v. Beer, 463 F.3d 130, 134 n.1 (2d Cir. 2006), and appropriately admonished him about "certain language he uses and arguments … [that] are patently offensive—deeply inflammatory but divorced from the facts and devoid of merit."

## VI.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

are irrelevant, in part because they center on Feldbaum, who, according to the administrative hearing report that Doe attached to his complaint, was not involved in the hearing that led to sanctions. Any influence by Feldbaum on the decision to sanction Doe is speculative and thus insufficient to survive a motion to dismiss. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).