**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2225
_____

TERRENCE GRAHAM,
                                          Appellant
v.

A.U.S.A. JEROME A. MOSCHETTA; DOROTHY CURRY;
DISTRICT ATTORNEY WASHINGTON COUNTY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2-22-cv-01704)
District Judge:  Honorable W. Scott Hardy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2023

Before:  SHWARTZ, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed: November 17, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Terrence Graham appeals from orders of the District Court dismissing his complaint and denying his motion to alter or amend the judgment. For the reasons that follow, we will vacate and remand for further proceedings.

**I.**

Graham is a Pennsylvania state prisoner serving a life sentence for murder. In December 2022, Graham filed a civil complaint pursuant to 42 U.S.C. § 1983 in the District Court against the Office of the District Attorney of Washington County, former Assistant District Attorney Jerome Moschetta, and Dorothy Curry, an employee of the District Attorney's Office. Graham alleged in his complaint that in 2014, he filed a petition under the Post-Conviction Relief Act (PCRA) in the state court. After electing to proceed pro se, Graham moved for discovery, seeking numerous items, most of which appeared to have been previously provided during pretrial discovery. The PCRA court issued an order directing the District Attorney's Office to provide Graham with the requested discovery, or show cause why such items could not be provided. See D.Ct. ECF No. 1-6 at 2.[1]

According to Graham, it took the District Attorney's Office nearly two years to respond to the discovery request, at which time he was provided with certain DNA lab reports. Graham was advised that the Commonwealth had already provided extensive discovery prior to trial, and thus hard copies of those pretrial items were not provided.

---

[1] Graham attached documents from his PCRA proceedings as exhibits to his complaint.

See D.Ct. ECF No. 1-12 at 3.[2]  Thereafter, the PCRA court, noting that the Commonwealth had responded to the discovery request, ordered Graham to file his final amended PCRA petition.  In that amended petition, Graham asserted that the discovery response was inadequate and violated his due process rights.  See D.Ct. ECF No. 1-14 at 2; 1-15 at 2-4.

Graham's request for PCRA relief was denied in February 2020, and he appealed. He also continued his quest for discovery by filing two petitions in the Superior Court. D.Ct. ECF No. 1 at 17.  When those petitions were denied, Graham reiterated his need for additional items of evidence in his PCRA appellate brief.  See D.Ct. ECF No. 1-19 at 17, 23-26.  In April 2021, the Superior Court affirmed the denial of his PCRA petition.

After his unsuccessful PCRA appeal, Graham filed a federal habeas petition with the District Court.  That petition was stayed after Graham filed a second PCRA petition. That second PCRA petition alleged "governmental interference due to the Commonwealth's failure to provide [] evidence as requested by Plaintiff" and as "Ordered to be disclosed by the PCRA Court."  Id. at 18.  The petition was denied, and Graham's appeal is pending.  His federal habeas petition also remains pending.  See 3d Cir. ECF No. 6 at 6.

In his § 1983 complaint, Graham alleged that the defendants denied him due process and interfered with his access to the courts by refusing to comply with the PCRA

---

[2] Graham sought hard copies of various items because he could not access discs containing the evidence in prison.  He stated that prison policy deemed the discs to be contraband.

3

court's discovery orders. He claimed that he was denied exculpatory and other evidence needed to support his PCRA petition. As relief, Graham sought a declaration that the defendants' actions violated, and continue to violate, his rights under the First and Fourteenth Amendments, as well as an injunction ordering the defendants to, inter alia, arrange for him or his agent to "examine, copy or otherwise retrieve," various evidentiary items. D.Ct. ECF No. 1 at 25-28. No money damages were sought.

The District Court adopted the Report and Recommendation of the Magistrate Judge and sua sponte dismissed Graham's complaint pursuant to 28 U.S.C. § 1915A, finding Graham's claims to be barred by the rule in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Interpreting Graham's complaint as bringing a claim under Brady v. Maryland, 373 U.S. 83 (1963), the District Court concluded that a finding in Graham's favor – "that Defendants failed to produce exculpatory evidence" – necessarily called into question the validity of his conviction, which had not been otherwise invalidated. D.Ct. ECF No. 7 at 3. The Magistrate Judge's report, adopted by the District Court, reached the same conclusion as to Graham's access to the courts claim. See D.Ct. ECF No. 4 at 5-6. The dismissal was without prejudice to refiling should Graham be "able to demonstrate a favorable termination of his criminal conviction." D.Ct. ECF No. 7 at 4.

Graham moved for reconsideration under Federal Rule of Civil Procedure 59(e), arguing that he was not alleging a Brady violation, and that Heck was inapplicable to his claims. He also sought leave to file an amended complaint. The District Court denied relief, and Graham filed a timely appeal from that denial.

**II.**

4

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because Graham's appeal from the denial of his timely post-judgment motion "brings up the underlying judgment for review," we will review both the District Court's order denying Graham's motion for reconsideration and the underlying dismissal.  See McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992).  We exercise plenary review over the dismissal of a complaint pursuant to § 1915A, see Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020), and review for abuse of discretion a district court's order denying a motion for reconsideration, see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).[3]

A civil action that would impugn a criminal conviction if successful cannot be maintained until that conviction is invalidated.  See Heck, 512 U.S. at 487.  This bar applies regardless of the relief sought, so long as success would *necessarily* imply the invalidity of a conviction or sentence.  See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis added).

While a Brady claim "ranks within the traditional core of habeas corpus and outside the province of § 1983," Skinner v. Switzer, 562 U.S. 521, 536 (2011), neither Graham's original complaint, nor his proposed amended complaint, clearly assert a claim under Brady.  In neither complaint does Graham specifically allege or identify any

---

[3] Under § 1915A, district courts must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  If the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss it.  Id. § 1915A(b)(1).  As a pro se litigant, Graham is entitled to liberal construction of his complaint.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

5

particular favorable evidence that was withheld prior to trial and resulted in prejudice. See Skinner, 562 U.S. at 536 (stating elements of a Brady claim). While Graham makes inartful use of the term exculpatory, perhaps in an effort to strengthen his request for relief, he repeatedly emphasized to the District Court that he was not asserting a Brady claim. Graham reiterates that assertion on appeal, arguing that the evidence sought "was evidence used at trial," 3d Cir. ECF No. 6 at 11, and that success in his suit "only gains [him] access to a reproduction of previously disclosed evidence, which may prove exculpatory, inculpatory or inconclusive." Id. at 13.

Thus, we disagree with the District Court that Graham's complaint raises a Brady claim. We also conclude that the District Court erred in determining that Graham's access to the courts claim is barred by Heck to the extent that he claims an ongoing constitutional violation. Graham sought prospective declaratory relief and injunctive relief in the form of copies of, or access to, previously disclosed items of pretrial discovery. Success on that claim does not necessarily imply the invalidity of his conviction or confinement. See Edwards v. Balisok, 520 U.S. 641, 648 (1997) (noting that a request for "prospective injunctive relief" did not "'necessarily imply' the invalidity of a previous loss of good-time credits," such that a claim for relief could "properly be brought under § 1983"). While Graham believes that such material might prove exculpatory, success in his § 1983 suit gains him only access to, or copies of, items already disclosed. Those items may, or may not, be of benefit in his pursuit of post-conviction relief. Cf. Skinner, 562 U.S. at 525 (finding that success in a suit seeking access to DNA evidence "which may prove exculpatory, inculpatory, or inconclusive,"

6

does not necessarily imply the invalidity of a conviction).[4]  Our decision does not imply

that Graham is entitled to the relief sought.  Rather, we conclude only that Heck does not

provide a bar to such relief.[5]

Accordingly, we will vacate the judgment of the District Court.  This matter is

remanded for further proceedings consistent with this opinion.

---

[4] The Seventh Circuit Court of Appeals has held that a § 1983 claim seeking monetary damages for denial of access to the courts in connection with a challenge to a state court conviction is barred by Heck.  See Burd v. Sessler, 702 F.3d 429, 433-35 (7th Cir. 2012), abrogated on other grounds by Savory v. Cannon, 947 F.3d 409, 425 (7th Cir. 2020).  In so holding, the Court distinguished a claim for damages, which requires a showing that a conviction is invalid in order to establish an injury, from an action for prospective relief, which can be ordered to restore access to the courts.  Here, Graham does not seek damages, but prospective relief.  Insofar as Graham seeks a declaration that the defendants violated his constitutional rights in connection with his first PCRA petition, such relief is unavailable as declaratory relief is "by definition prospective in nature." CMR D.N. v. City of Philadelphia, 703 F.3d 612, 628 (3d Cir. 2013).

[5] Because we conclude that the District Court erred in dismissing Graham's complaint pursuant to Heck, we necessarily conclude that the District Court abused its discretion in denying Graham's motion for reconsideration.